IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| GORDON ROY PARKER, a.k.a. Ray Gordon, d/b/a Snodgrass Publishing Group, Plaintiff, v. Learn The Skills Corp., et al., Defendants. | : : : : : : : : : : : | CASE NO.: Hon.  06 - 229 presiding |
|---|---|---|

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO CONDUCT EXPEDITED DISCOVERY

**Plaintiff** in the above-styled action submits his memorandum in support of the instant motion.

### BACKGROUND

Plaintiff has filed suit against two pseudonyms: Formhandle@fastseduction.com ("Formhandle"), and TokyoPUA@fastseduction.com ("TokyoPUA"). In order to properly and timely serve these individuals, Plaintiff needs to discover their full names from Defendant LTSC. Formhandle and TokyoPUA are believed to be officers of LTSC. There also may be other officers of the corporation. Plaintiff is suing the officers as individuals, and needs their names to effect service. LTSC is the only source to which Plaintiff can turn for this information.

### LEGAL STANDARD

Given that this is an internet case, and there are anonymity issues, Doe v. Cahill, C.A. No 04C-011-022 (2005), would seem to apply. That case set the standard for uncovering the identity of pseudonymous internet defendants. The standard is heightened, due to concerns about protecting anonymous speech. That court held that discovery of an anonymous internet defendant should meet a "summary judgment standard." Plaintiff's Complaint does just that, setting forth many allegations, which if viewed in the light most favorable to the Plaintiff as in a

summary judgment, would survive a motion for summary judgment for the defamation, Lanham Act, tortious interference, and antitrust claims, all of which involved the two defendants whose identities are sought.

## ARGUMENT

### A. The Complaint Is Sufficiently Pled To Survive A Motion For Summary Judgment.

There are several claims in this Complaint, including defamation, tortious interference, Lanham Act violations, racketeering, civil conspiracy, and antitrust claims. If even one of these claims can survive a motion for summary judgment, and Plaintiff argues that all of them can and will, then expedited discovery is justified.

### B. Doe v. Cahill Should Not Apply Because Plaintiff Is Seeking Discovery Of Corporate Officers.

This case does not mirror Doe v. Cahill in that Plaintiff is seeking discovery of the corporate officers of LTSC rather than the authors of any specific internet postings, except to the extent that they represent Defendant LTSC as officers or directors of the corporation.

### C. Expedited Discovery Is Necessary Because Plaintiff Cannot Get The Information From Any Other Source, And Discovery Won't Begin Until All Defendants Are Served.

Federal Rule 26(f) requires that a discovery conference be held prior to discovery commencing. For that conference to be held, however, all Defendants must be served. For all Defendants to be served, Plaintiff needs their identities, and to obtain their identities, Plaintiff needs to conduct expedited discovery.

The information Plaintiff seeks is only available to him through Defendant LTSC.

2

## CONCLUSION

For the reasons set forth herein, the instant motion should be **granted**. An appropriate form of order is attached.

This the 7th day of April, 2006.

                                                     _/s/ Gordon Roy Parker_
                                                   Gordon Roy Parker
                                                   Plaintiff, Pro Se
                                                   4247 Locust Street, #806
                                                   Philadelphia, PA  19104
                                                   (215) 386-7366
                                                   GordonRoyParker@aol.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| GORDON ROY PARKER, a.k.a. Ray Gordon, d/b/a Snodgrass Publishing Group,<br><br>           Plaintiff,<br><br>v.<br><br>Learn The Skills Corp., et al.<br><br>           Defendants. | : : : : : : : : : : : : | **CASE NO.:**<br><br>Hon. _____<br>presiding |
|---|---|---|

### CERTIFICATE OF SERVICE

I, **Gordon Roy Parker,** Plaintiff in the above styled action, hereby certify that I have served a true and correct copy of the foregoing **Plaintiff's Motion To Conduct Expedited Discovery** on all defendants by **regular mail**, as follows:

**Learn The Skills Corp.,**
**Formhandle@Fastseduction.com, &**
**TokyoPUA@fastseduction.com**
c/o Business Filings, Inc.,
108 West 13th Street, Wilmington, DE 19801 (three separate copies)

**Straightforward, Inc.**
822 Eagle Point Rd.
Van Alstyne, TX 75495

**Paul Ross**
310 Tahiti Way
Marina Del Ray, CA 90292-6789

This the 7th day of April, 2006.

_____
Gordon Roy Parker
Plaintiff, Pro Se
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 386-7366
GordonRoyParker@aol.com