

Slip Copy                                                                                                                         Page 1

Slip Copy, 2006 WL 759693 (E.D.Pa.)
**(Cite as: Slip Copy)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,E.D. Pennsylvania.
Gordon Roy PARKER, a/k/a Ray Gordon, d/b/a
Snodgrass Publishing Group
v.
LEARN THE SKILLS CORP., et al.
**No. Civ.A. 05-2752.**

March 23, 2006.

Gordon Roy Parker, Philadelphia, PA, pro se.
Matthew S. Wolf, Haddonfield, NJ, for Learn the Skills Corp.
Thom E. Geiger, Columbus, MS, pro se.
Mary Kay Brown, Buchanan Ingersoll, Philadelphia, PA, for Paul Ross also Known as Ross Jeffries.
Dennis G. Young, Jr., Montgomery McCracken Walker & Rhoads, Phila, PA, for Trustees of University of Pennsylvania.
Matthew S. Wolf, Haddonfield, NJ, pro se.

*MEMORANDUM*

BARTLE, J.
**\*1** Pro se plaintiff Gordon Roy Parker ("Parker"), who is no stranger to this court, brings this action against defendants Trustees of the University of Pennsylvania ("Penn"), Learn the Skills Corporation ("LTSC"), Formhandle @Fastseduction.com ("Formhandle"), Paul J. Ross, Matthew S. Wolf, and Thomas E. Geiger. Plaintiff's amended complaint alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.,* the Sarbanes-Oxley Act, 18 U.S.C. § 1513(e), the Clayton Act, 15 U.S.C. § 12, the Lanham Act, 15 U.S.C. § 1125(a), and common law counts of civil conspiracy, tortious interference, abuse of process, fraudulent misrepresentation, and invasion of privacy.

FN1. The amended complaint alleges that Formhandle is one of the owners of LTSC. Formhandle and LTSC are treated interchangeably in the amended complaint, so this Memorandum will refer only to LTSC in the interest of clarity.

Before the court are the separate motions of defendants Ross, LTSC and Geiger made pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedures to dismiss for lack of personal jurisdiction and of defendants Penn and Wolf pursuant to Rule 12(b)(6) for the failure to state a claim on which relief may be granted. In addition, plaintiff has filed a motion to conduct jurisdictional discovery against Ross, LTSC and Geiger.

I.

For present purposes we assume plaintiff's allegations to be true. *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990). We note that the amended complaint at issue before the court is far from a model of clarity and in parts confusing, if not incomprehensible. Moreover, it spans more than 75 pages and including over 100 footnotes. Though not directly raised by defendants, the amended complaint hardly complies with the "short and plain statement" requirement under Rule 8(a) of the Federal Rules of Civil Procedure.

Plaintiff alleges that defendants LTSC and Ross were the principals in an association-in-fact, Internet-based RICO enterprise. Defendants Geiger, Penn and Wolf are alleged operatives in this enterprise. In addition, the amended complaint alleges misconduct by at least eight other individuals not named as defendants.

In brief summary, plaintiff alleges defendants ran this operation, referred to as "the Seduction Mafia," with the purpose of controlling the flow of revenue from commerce relating to the "alt.seduction.fast" ("

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                                     Page 2

Slip Copy, 2006 WL 759693 (E.D.Pa.)
**(Cite as: Slip Copy)**

ASF") USENET group. ASF is allegedly a "moderated" USENET group as opposed to an "unmoderated" group. The amended complaint does not define either of these terms. Plaintiff avers that USENET groups are non-commercial in nature.

> FN2. While not explained in plaintiff's amended complaint, a USENET group is apparently an Internet-based, topical online discussion forum that loosely resembles an electronic bulletin board.

The topic of discussion on ASF is alleged to be different types of "seduction" or "pick-up" methods for men to use in attracting women. Plaintiff and defendants Ross and LTSC are allegedly competitors in the profitable business of offering seduction self-help advice to these would-be Casanovas seeking help on the ASF USENET group. The gravamen of plaintiff's amended complaint appears to be that the Seduction Mafia has used the ASF discussion forum to promote the products of defendants Ross and LTSC to the financial gain of the Seduction Mafia, all while prohibiting plaintiff from posting messages about his own seduction theories and products on ASF. Plaintiff further alleges that defendants engaged in disparaging comments about plaintiff on the Internet serving to further cause him injury and deprive him of business. Plaintiff claims compensatory damages in excess of $2 billion, in addition to punitive damages and other injunctive relief.

**\*2** Plaintiff previously filed a suit similar to the instant action against defendants LTSC, Geiger, and Formhandle in *Parker v. Learn the Skills Corp.,* Civ. A. No. 03-6936 (hereinafter, "*Parker I*"). In that action, the late Judge James McGirr Kelly granted pro se defendant Geiger's motion to dismiss plaintiff's first amended complaint without prejudice due to its failure to comply with the "short and plain statement" requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See Parker I,* Civ. A. No. 03-6936, 2004 WL 2384993 (E.D.Pa. Oct.25, 2004). The court later dismissed plaintiff's second amended complaint, again without prejudice, for failing to correct this same pleading deficiency. *See* Order of Dismissal, No. 03-6936 (E.D.Pa. Dec. 3, 2004).

II.

We turn first to the separate motions of defendants Ross, LTSC and Geiger to dismiss for lack of personal jurisdiction made pursuant to Rule 12(b)(2). The amended complaint seeks recovery against these three defendants under the RICO Act, 18 U.S.C. § 1961 *et seq.,* the Clayton Act, 15 U.S.C. § 12, the Lanham Act, 15 U.S.C. § 1125(a), as well as common law counts of civil conspiracy, tortious interference and invasion of privacy. Plaintiff asserts that jurisdiction is proper and has opposed each defendant's motion to dismiss. In the alternative, he has filed a motion to conduct jurisdictional discovery against all three defendants. Ross, LTSC and Geiger all oppose such discovery. It is agreed by the parties that neither Ross nor Geiger resides in Pennsylvania, and no information has been provided or alleged regarding the status of LTSC.

> FN3. Pro se defendant Geiger alternatively moves to strike the amended complaint, or to dismiss for failure to state a claim upon which relief can be granted or improper venue, or for a change of venue.

First we must determine whether this court's assertion of personal jurisdiction over Ross, LTSC and Geiger is proper. Rule 4(e) of the Federal Rules of Civil Procedure allows a district court to "assert personal jurisdiction over a non-resident to the extent allowed by the law of the forum state." *Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 63 (3d Cir.1984). Pennsylvania has enacted an expansive "long-arm" statute. *See* 42 Pa. Cons.Stat. Ann. § 5322. In addition to enumerating examples of specific acts subjecting persons to the jurisdiction of Pennsylvania courts, the statute provides that a court may exercise personal jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States." *Id.* § 5322(b); *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino,* 960 F.2d 1217, 1221 (3d Cir.1992)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                  Page 3

Slip Copy, 2006 WL 759693 (E.D.Pa.)
**(Cite as: Slip Copy)**

. Thus, we may validly exercise jurisdiction over a non-resident defendant under Pennsylvania's long-arm statute if doing so is consistent with the Due Process Clause of the Fourteenth Amendment to the Constitution. *See id.* at 1221.

Therefore, we must determine whether the defendants' contacts with Pennsylvania are sufficient to support either general or specific jurisdiction. *Id.; Pennzoil Products Co. v. Colelli & Assoc., Inc.,* 149 F.3d 197, 200 (3d Cir.1998). A court may exercise either general or specific personal jurisdiction over a defendant. *Remick v. Manfredy,* 238 F.3d 248, 255 (3d Cir.2001). General jurisdiction applies when the cause of action does not arise out of and is not related to the defendant's contacts with the forum and requires that the defendants' contacts to the forum be "continuous and substantial." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437 (3d Cir.1987) (citations omitted).

**\*3** To make a finding of specific jurisdiction, however, our Court of Appeals has explained that we "appl[y] two standards, the first mandatory and the second discretionary." *Pennzoil,* 149 F.3d at 201 . First, we must determine whether the defendant has sufficient minimum contacts with the forum " necessary for the defendant to have reasonably anticipate[d] being haled into court there" to litigate a "cause of action arising out of [the] defendant's forum-related activities." *Id.; Remick,* 238 F.3d at 255; *see also World-Wide Volkswagen Corp. v. World Wide Volkswagen,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Mesalic v. Fiberfloat Corp.,* 897 F.2d 696 (3d Cir.1990). If this court determines that the defendant has adequate contacts with the forum to satisfy the Constitution, we "may inquire whether the assertion of personal jurisdiction would comport with fair play and substantial justice." *Pennzoil,* 149 F.3d at 201.

Plaintiff concedes that general jurisdiction is inapplicable and that the appropriate inquiry here is whether defendants have "minimum contacts" with Pennsylvania sufficient for this court to exercise specific jurisdiction. Plaintiff asserts that jurisdiction over Ross, a resident of California, is proper because Ross has engaged in conduct " expressly targeted at Pennsylvania residents," including the marketing of his seduction materials, the publication of a mailing list, and certain undescribed telephone marketing. *See* Am. Compl. ¶ 12. Ross has submitted an affidavit denying any contacts with Pennsylvania. Plaintiff alleges jurisdiction over defendant LTSC by virtue of LTSC's "soliciting and receiving donations on its website from internet users all over the world, including in the Commonwealth of Pennsylvania." *Id.* ¶ 13. Finally, plaintiff simply alleges that jurisdiction over Geiger, a resident of Mississippi, is proper because his conduct "was expressly targeted at Pennsylvania residents or occurred in Pennsylvania." *Id.* ¶ 11.

Our Court of Appeals has made clear that where a defendant has raised a jurisdictional defense, the plaintiff bears the burden of establishing that either general or specific jurisdiction can be exercised. *Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros. Inc.,* 983 F.2d 551, 554 (3d Cir.1993); *Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 66-67 n. 9 (3d Cir.1984). General averments in an unverified complaint or response without the support of "sworn affidavits or other competent evidence" are insufficient to establish jurisdictional facts. *Time Share Vacation Club,* 735 F.2d at 67 n. 9 .

Plaintiff has attached no affidavit and presented the court with no competent evidence on which we could reasonably rely in order to base a finding of personal jurisdiction. We are left with only the conclusory and extremely vague allegations of minimum contacts contained in the amended complaint and reasserted in plaintiff's memoranda of law. The amended complaint alludes only to the jurisdiction-conferring conduct of defendants Ross, LTSC and Geiger in highly generalized terms. In any event, in our circuit "at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                      Page 4

Slip Copy, 2006 WL 759693 (E.D.Pa.)
**(Cite as: Slip Copy)**

dismiss for lack of in personam jurisdiction." *Time Share Vacation Club,* 735 F.2d at 67 n. 9. To the extent plaintiff attempts to rely exclusively on the allegations contained in his amended complaint, he falls short of his burden of establishing that jurisdiction can be exercised.

**\*4** Alternatively, plaintiff moves to conduct jurisdictional discovery. The Court of Appeals has held that district courts "are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.' " *Toys 'R' Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 456 (3d Cir.2003) (citation omitted). Applying that standard, other courts in this district have denied jurisdictional discovery where the party that bears the burden of establishing jurisdiction failed to establish a "threshold prima facie showing" of personal jurisdiction. *See, e.g., Southern Seafood Co. v. Holt Cargo Systems, Inc.,* Civ. A. No. 96-5217, 1997 WL 539763 at \*8 (E.D.Pa. Aug.11, 1997); *Mass. Sch. of Law at Andover, Inc. v. Am. Bar. Ass'n,* 846 F.Supp. 374, 378 (E.D.Pa.1994); *Karibjanian v. Thomas Jefferson Univ. Hosp.,* Civ. A. No. 89-1891, 1990 WL 6131 at \*1 (E.D. Pa. Jan 25, 1990). A plaintiff meets this threshold showing by offering "factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state.' " *Toys 'R' Us,* 318 F.3d at 456 (citing *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino,* 960 F.2d 1217, 1223 (3d Cir.1992)). In addition, the general presumption in favor of discovery is reduced when the defendants in question are individuals as opposed to corporations. *See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n,* 107 F.3d 1026, 1042 (3d Cir.1997).

Looking at plaintiff's amended complaint, we cannot say the jurisdictional allegations suggest " with reasonable particularity" the possible existence of the requisite minimum contacts. Plaintiff alleges jurisdiction over defendant Geiger based on the bare allegation that Geiger has "contacts" with Pennsylvania. *See* Am. Compl. ¶ 11. Against Ross and LTSC, plaintiff alleges generalized conduct that was "expressly targeted at Pennsylvania residents" or revenue that was earned from "internet users all over the world, including" Pennsylvania. *See id.* ¶ 12-13. These strike us as highly analogous to the "mere unsupported allegation that the defendant ' transacts business' in an area" or the allegation that defendants "must have" engaged in jurisdiction-conferring conduct. *Mass. Sch. of Law,* 107 F.3d at 1042, *aff'g* 846 F.Supp. at 378. In *Massachusetts School of Law,* the Court of Appeals affirmed the dismissal of 21 individuals on the basis of a lack of personal jurisdiction as well as the concurrent denial of jurisdictional discovery. 107 F.3d at 1042. The denial of discovery was appropriate due to the failure to "allege with particularity" any credible threshold minimum contacts. 846 F.Supp. at 378. Here, plaintiff has submitted no affidavit or otherwise competent evidence to lead us to believe his allegation of personal jurisdiction over defendants Ross, LTSC and Geiger is anything more than "clearly frivolous. " Further, we are persuaded that it would be inappropriate to allow this serial litigant plaintiff " to conduct a fishing expedition to construct a basis for jurisdiction" and in the process to put Ross, LTSC and Geiger to any further expense. *Ames v. Whitman's Chocolates,* Civ. A. No. 91-3271, 1991 WL 281798, at \*3 (E.D.Pa. Dec.30, 1991). Accordingly, we will deny the motion to conduct jurisdictional discovery and grant the separate motions of defendants Ross, LTSC and Geiger to dismiss for lack of personal jurisdiction.

III.

**\*5** We turn next to the motions to dismiss pursuant to Rule 12(b)(6) by defendants Penn and Wolf. In considering a motion to dismiss for failure to state a claim, we accept as true all well-pleaded facts in the amended complaint and draw any reasonable inferences in plaintiff's favor. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir.1994). We should grant the motion only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" contained in the amended complaint. *Id.*

Plaintiff asserts three counts against Wolf all arising from his role as counsel for LTSC in *Parker I:*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                         Page 5

Slip Copy, 2006 WL 759693 (E.D.Pa.)
**(Cite as: Slip Copy)**

participation in the RICO enterprise, civil conspiracy, and an abuse of process claim. According to plaintiff, Wolf allegedly participated in the RICO enterprise by providing unauthorized legal services to the Seduction Mafia. These legal services consisted of Wolf's having moved to dismiss plaintiff's first amended complaint in *Parker I* in its entirety before Judge Kelly, rather than just against Wolf's client LTSC. Plaintiff alleges that defendant Wolf conspired along with defendants Formhandle and LTSC in that action to " abuse process against plaintiff by agreeing to use Defendant Wolf's representation of LTSC as a vehicle for improperly and illegally moving this court to dismiss claims against the other defendants" in *Parker I. See* Am. Compl. ¶ 187. Wolf moves pursuant to Rule 12(b)(6) to dismiss all three counts against him on several grounds, including immunity for his actions.

Plaintiff's causes of action for civil conspiracy and abuse of process are governed by Pennsylvania law. Attorneys-at-law in the Commonwealth may assert judicial privilege or, as it is often called, "judicial immunity," as an affirmative defense to alleged torts that occur in connection with a judicial proceeding. *Panitz v. Behrend,* 429 Pa.Super. 273, 632 A.2d 562, 564 (Pa.Super.Ct.1993). This immunity covers all "communications which are issued in the regular course of judicial proceedings and which are pertinent and material to the redress or relief sought." *Post v. Mendel,* 510 Pa. 213, 507 A.2d 351, 353 (1986). "[I]f the challenged conduct occurs outside the scope of representation, no reason for immunity exists." *Heffernan v. Hunter,* 189 F.3d 405, 413 (3d Cir.1999).

Plaintiff's core contention against Wolf is that he was acting outside the scope of his representation of LTSC in *Parker I* when he moved to dismiss plaintiff's first amended complaint in its entirety before Judge Kelly. We disagree. The motion was clearly filed "in the regular course of judicial proceedings." *Post,* 507 A.2d at 353. Further, we are persuaded that it was "pertinent and material to the redress or relief sought" when Wolf advocated that the entire amended complaint filed by plaintiff was meritless in *Parker I. Id.* Plaintiff cites no case where any court has found such basic attorney advocacy "outside the scope of representation." In any event, we see no cognizable harm to plaintiff resulting from such advocacy since Judge Kelly simply dismissed the amended complaint pursuant to Rule 8(a) of the Federal Rules of Civil Procedure and denied as moot the motion in question filed by Wolf. We conclude attorney Wolf is entitled to " judicial immunity" for filing the motion to dismiss in *Parker I.* Thus, we will grant the motion of Wolf to dismiss the conspiracy and abuse of process counts.

**\*6** We find that plaintiff's RICO claims against Wolf, alleging separate violations of 18 U.S.C. §§ 1962(a), (b), (c) and (d), must likewise fail. Plaintiff alleges that Wolf participated in the RICO enterprise by providing "illegal legal services" to the Seduction Mafia. *See* Am. Compl. ¶¶ 151-56. Again, these alleged "services" consisted solely of Wolf's arguing on behalf of LTSC that plaintiff's amended complaint in *Parker I* should be dismissed in its entirety. Again, Judge Kelly dismissed the motion filed by Wolf as moot when he granted Geiger's motion to dismiss pursuant to Rule 8(a) in *Parker I. See Parker I,* Civ. A. No. 03-6936, 2004 WL 2384993 at ¶ 5 (E.D.Pa. Oct.25, 2004). The United States Supreme Court has explained that a RICO "plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496 (1985). The allegedly "illegal legal services" consisting solely of a motion filed by Wolf and dismissed as moot by Judge Kelly does not constitute a cognizable injury to plaintiff's " business or property" arising from Wolf's conduct. In addition, the amended complaint fails to allege the required "pattern of racketeering activity" in that there is only one alleged act of possible misconduct by Wolf. *Id.* at 495. For these reasons, the RICO claims against defendant Wolf must also be dismissed.

Finally, we turn to Penn's motion to dismiss the counts brought against it. The amended complaint asserts three counts against Penn: a RICO violation under 18 U.S.C. § 1962(c) and (d), as well as state law claims for civil conspiracy and fraudulent misrepresentation. These claims arise from one

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                Page 6

Slip Copy, 2006 WL 759693 (E.D.Pa.)
**(Cite as: Slip Copy)**

primary relevant allegation: that a Penn employee, Detective James B. Blackmore, committed perjury in testifying before Judge Kelly on February 12, 2003 that he did not know the identity of a particular Seduction Mafia operative known as " Wintermute." Neither Detective Blackmore nor Wintermute is named as a defendant in the amended complaint.

Penn moves to dismiss the counts brought against it on several alternative grounds. First, Penn contends that the conspiracy and fraud counts must be dismissed as time-barred by the applicable statute of limitations. Pennsylvania has a two-year statute of limitations for claims for fraud. *See Drelles v. Manufacturers Life Ins. Co.,* 881 A.2d 822, 831 (Pa.Super.Ct.2005); 42 Pa. Cons.Stat. Ann. § 5524(7). In addition, a cause of action for civil conspiracy adopts the statute of limitations of the overt act committed in furtherance of the conspiracy. *See Chappelle v. Chase,* 487 F.Supp. 843, 846 (E.D.Pa.1980). Here, the overt act in question is fraud, so the statute of limitations for the conspiracy count is also two years. *See* Am. Compl. ¶ 187. Because the complaint in this action was not initially filed until June 9, 2005, more than two years after Detective Blackmore testified on February 12, 2003, Penn contends both the conspiracy and fraud counts are time-barred. To the extent that the amended complaint seeks recovery for allegedly fraudulent misrepresentations made more than two years prior to the filing of his complaint, we agree. *See id.* ¶¶ 98, 99, 111, 187, 239. Any allegations based on conduct prior to two years before the complaint was filed are untimely and cannot serve as a basis for recovery for either fraud or conspiracy.

**\*7** Penn further contends that, to the extent the amended complaint alleges fraudulent conduct that is not time-barred, the fraud count must be dismissed for failing to satisfy the pleading requirements for fraudulent representation pursuant to Rule 9(b) of the Federal Rules of Civil Procedure . To satisfy the "particularity" requirement for pleading an "averment of fraud," the plaintiff must plead with particularity the "circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,* 742 F.2d 786, 791 (3d Cir.1984). While the plaintiff need not plead the "date, place or time" of the fraud, he must at least use "precision and some measure of substantiation" in his allegations of fraud. *Id.*

Here, the amended complaint states only that " During the times in controversy, Defendant [Penn] has made several deliberately misleading representations to Plaintiff, whereby it feigned ignorance regarding Wintermute's identity, for the express purposes of obstructing justice, protecting a student and future potential contributing alumni, and obtaining goodwill by sending a message to incoming students that they 'have their back." ' Am. Compl. ¶ 239. Plaintiff fails to disclose the substance of these misrepresentations and offers nothing more to substantiate the allegation that Penn was acting for the express purpose of " obstructing justice." Furthermore, plaintiff fails to plead with the necessary specificity any detrimental reliance on the representations made by Penn. Such vague and conclusory allegations of fraudulent conduct cannot satisfy the requirements of Rule 9(b) . The fraudulent misrepresentation count therefore must be dismissed.

Second, we find that plaintiff has failed properly to plead a conspiracy charge. In Pennsylvania, "to state a cause of action for civil conspiracy, the following elements are required: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." *Gen. Refractories Co. v. Fireman's Fund Ins. Co.,* 337 F.3d 297, 313 (3d Cir.2003). This "combination" requires that "two or more persons combine or enter an agreement" to commit the unlawful act. *Burnside v. Abbott Labs. .,* 351 Pa.Super. 264, 505 A.2d 973, 980 (Pa.Super.Ct.1985). There is no allegation in the amended complaint that Penn or its employee Detective Blackmore entered into any agreement with this so-called "Wintermute" to undertake the allegedly fraudulent misrepresentations. Instead,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                Page 7

Slip Copy, 2006 WL 759693 (E.D.Pa.)
**(Cite as: Slip Copy)**

plaintiff claims only that Penn and Blackmore knew of Wintermute's identity and did not disclose it to him. Even assuming this is true, without more it is insufficient to maintain a claim of conspiracy against Penn absent an agreement to withhold the information. In Pennsylvania, an "agents of a single entity cannot conspire among themselves" or with their employer. *Rutherfoord v. Presbyterian-Univ. Hosp.,* 417 Pa.Super. 316, 612 A.2d 500, 508-09 (Pa.Super.Ct.1992); *see also Ne. Jet Ctr., Ltd. v. Lehigh-Northampton Airport Auth.,* 767 F.Supp. 672, 684-85 (E.D.Pa.1991). The conspiracy count against Penn must be dismissed.

**\*8** Finally, Penn contends that the amended complaint fails properly to plead a cognizable predicate act in support of plaintiff's RICO claim. The Supreme Court has held that a complaint must allege a defendant participated through "a pattern of racketeering activity," i.e., through the commission of at least two racketeering acts. *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496 (1985). The amended complaint alleges that Penn committed predicate acts by refusing to identify Wintermute and disclaiming knowledge of his identity at three separate times. *See* Am. Compl. ¶ 165. The amended complaint contains no allegation that this conduct "amount[s] to or pose[s] a threat of continued criminal activity." *See H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 239, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). Moreover, even assuming that the so-called predicate acts occurred, none of them is covered by the definition of "racketeering activity" in 18 U.S.C. § 1961(1). In addition, plaintiff has not alleged he has suffered an injury to his business or property sufficient to confer standing against Penn. The RICO claims against Penn must therefore be dismissed as well.

### *ORDER*

AND NOW, this 23rd day of March, 2006, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of defendant Paul J. Ross to dismiss for lack of personal jurisdiction is GRANTED;

(2) the motion of defendant Learn the Skills Corporation to dismiss for lack of personal jurisdiction is GRANTED;

(3) the motion of defendant Thomas E. Geiger to dismiss for lack of personal jurisdiction is GRANTED;

(4) the motion of defendant Matthew S. Wolf to dismiss for failure to state a claim upon which relief may be granted is GRANTED;

(5) the motion defendant Trustees of the University of Pennsylvania to dismiss for failure to state a claim upon which relief may be granted is GRANTED; and

(6) the motion of plaintiff Gordon Roy Parker to conduct jurisdictional discovery against defendants Ross, Learn the Skills Corporation and Geiger is DENIED.

E.D.Pa.,2006.
Parker v. Learn the Skills Corp.
Slip Copy, 2006 WL 759693 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 3723696 (Trial Motion, Memorandum and Affidavit) Order (Nov. 14, 2005)
• 2005 WL 3135453 (Trial Motion, Memorandum and Affidavit) Defendant Learn the Skills Corp.'s Memorandum of Law in Support of Its Cross-Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(B)(6) and in Opposition to Plaintiff's Motion for Default (Oct. 17, 2005)
• 2005 WL 3135449 (Trial Motion, Memorandum and Affidavit) Order (Oct. 11, 2005)
• 2005 WL 2687107 (Trial Motion, Memorandum and Affidavit) Penn's Motoin to Dismiss (Aug. 29, 2005)
• 2:05cv02752 (Docket) (Jun. 09, 2005)
• 2005 WL 3723701 (Trial Motion, Memorandum and Affidavit) Defendant Learn the Skills Corp.'s Memorandum of Law in Support of its Motion to Dismiss (2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.