Westlaw.

Not Reported in F.Supp.2d                                                                                                                          Page 1
Not Reported in F.Supp.2d, 2003 WL 21294962 (E.D.Pa.)
**(Cite as: 2003 WL 21294962 (E.D.Pa.))**

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
E.D. Pennsylvania.
**Gordon** Roy **PARKER,** a/k/a Ray Gordon Plaintiff,
v.
JOHN DOE # 1, a/k/a "Wintermute," and John
Does # 2-100, Defendants.
**No. Civ.A. 02-CV-7215.**

Jan. 21, 2003.

*MEMORANDUM AND ORDER*

KELLY, J.

*1 Presently before the Court is a Motion for Leave to File a Second Amended Complaint and for Extension of Time to Effect Service, filed by Plaintiff Gordon Roy Parker, a/k/a "Ray Gordon" ("Plaintiff"). Plaintiff petitions this Court for leave to file a successive amended complaint in order to eliminate certain defendants and to withdraw certain claims alleged in his amended complaint. Plaintiff also requests additional time to effect service of process on Defendants John Doe # 1 a/k/a "Wintermute" and John Does # 2-100 (collectively, the "Defendants") due to the alleged delay attributed to, *inter alia,* the financial difficulty of serving multiple internet service providers ("ISP"), the ISPs' anticipated objections to Plaintiff's subpoenas, the Court's prior ruling on Plaintiff's motion to proceed in forma pauperis and the Court's ruling on instant motion. For the following reasons, Parker's Motion is DENIED IN PART and GRANTED IN PART.

I. *DISCUSSION*

A. Motion for Leave to File a Second Amended Complaint

Pursuant to Federal Rule of Civil Procedure 15, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of the court or by written consent if justice so requires." Fed.R.Civ.P. 15(a). Generally, leave to amend should be freely granted absent a concern of (1) undue delay; (2) bad faith or dilatory motive; (3) continued failure to cure deficiencies by prior amendments; (4) undue prejudice to the opposition; or (5) futility of amendment. *Forman v. Davis,* 371 U.S. 178, 182 (1962). In order to assess whether an amendment would raise these concerns, the normal procedure for requesting permission to file an amendment to a complaint in federal court is to file the proposed amendment with the motion. *See Guam v. American President Lines,* 28 F.3d 142, 150 (D.C.Cir.1994) (citing 3 James Wm. Moore et al., Moore's Federal Practice § 15.12 (2d ed.1994)); *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1192 (7th Cir.1990); *Otto v. Variable Annuity Life Insurance Co.,* 814 F.2d 1127, 1139 (7th Cir.1986).

By neglecting to provide his proposed amendments, this Court cannot assess the legal sufficiency of his request for permission to file another amended complaint. Oblique references to "paring down" the number of defendants and issues presented in his Complaint and vague allegations of "new actionable behavior" are not sufficient, in the absence of the proposed amendment, to determine whether amendment is proper. Moreover, although Plaintiff assures us that a successive amended complaint will include the identities of defendants he has secured from compliant ISPs, he fails to disclose this seemingly vital information. In the absence of the actual proposed amendment, Plaintiff's motion is DENIED WITHOUT PREJUDICE.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                         Page 2
Not Reported in F.Supp.2d, 2003 WL 21294962 (E.D.Pa.)

**(Cite as: 2003 WL 21294962 (E.D.Pa.))**

B. Motion for Additional Time To Effectuate Service

*2 Plaintiff next petitions this Court for additional time to serve the several unnamed defendants based on information he expects to be supplied by the ISPs. Pursuant to Federal Rule of Civil Procedure 4(m):

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). Rule 4(m) mandates that a court must grant an extension of time provided good cause is shown. *See Boley v.. Kaymark,* 123 F.3d 756, 758 (3d Cir.1997); *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1305 (3d Cir.1995). The plaintiff bears the burden of demonstrating good cause. *See Gallas v. Supreme Court of Pennsylvania,* Civ. A. No. 96-6450, 1998 U.S. Dist. LEXIS 14082, at *14 (E.D.Pa. Aug. 24, 1998). In determining whether good cause, which is not defined in Rule 4, exists, courts focus on: (1) the reasonableness of the plaintiff's efforts to serve; (2) prejudice that may befall a defendant as a consequence of untimely service; and (3) whether plaintiff moved for an enlargement of time to serve. *MCI Telecommunications Corp. v. Teleconcepts,* 71 F.3d 1086, 1097 (3d Cir.1995); *Gallas,* 1998 U.S. Dist. LEXIS 14082, at *15-16. The primary focus, however, is on the plaintiff's reasons for not complying with the time limit for service and whether the plaintiff acted in good faith in attempting service. *Kaymark,* 123 F.3d at 758; *MCI,* 71 F.3d at 1097.

As a preliminary matter, we agree with Plaintiff insomuch as the 120-day accrual time for service is tolled when a complaint and a motion to proceed in forma pauperis are filed. *See Scary v. Philadelphia Gas Works,* 202 F.R.D. 148, 151 (E.D.Pa.2001). To account for the time in which this Court decided Plaintiff's in forma pauperis motion. Plaintiff is entitled to an additional eight days to effectuate service. However, we will not extend Plaintiff any additional time he seeks. Although not expressly stated as such, Plaintiff contends that this Court should consider his limited financial means, the delays that result from filing suit against unnamed and as yet unidentified defendants and time expended by this Court in ruling on the various motions as evidence of good cause to warrant additional time for service of process. In the absence of any specific factual scenario supporting Plaintiff's request for additional time and in light of the fact that Plaintiff offers little more than undocumented speculation of possible delays, it is clear that Plaintiff fails to satisfy his burden of showing good cause. Additionally, the financial difficulty of initiating a suit that names up to 100 unidentified defendants does not suffice as good cause, as these financial burdens should be anticipated when pursuing litigation of the magnitude contemplated by Plaintiff. *See Gallas,* 1998 U.S. Dist. LEXIS 14082, at *17 (universal constraints do not amount to good cause under Rule 4(m)). Moreover, we similarly reject Plaintiff's request for an extension of time that accounts for the time spent by this Court in disposing of the instant motion as this has neither impacted or hindered Plaintiff's ability to identify or serve the Defendants.

*3 Plaintiff also requests that this Court afford him an additional two weeks per each subpoenaed ISP to file a motion to quash Plaintiff's subpoena. Having been presented with little evidence of any efforts to effect service, [FN1] Plaintiff contends that he has successfully served subpoenas on several ISPs and is currently preparing subpoenas for ISPs located in Texas, Florida and Washington. [FN2] Plaintiff does not provide any evidence demonstrating if or when he served the various ISPs, or that any ISP filed objections to the subpoenas that could cause delays in serving the Defendants. *See Nelson v. Jones & Brown, Inc.,* Civ. A. No. 01-481, 2002 U.S. Dist. LEXIS 22603, at *10 (W.D.Pa. May 16, 2002) (determining good cause is not demonstrated without sufficient proof of delay). At this juncture, Plaintiff has not

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                        Page 3
Not Reported in F.Supp.2d, 2003 WL 21294962 (E.D.Pa.)
**(Cite as: 2003 WL 21294962 (E.D.Pa.))**

expressed a reason amounting to good cause to justify extending time for service since no ISP has yet created a delay. We also reject Plaintiff's suggestion that instead of counting the time to effectuate service at the time he filed his complaint, this Court should start counting the 120 days to serve from the time he identifies each Defendant. Plaintiff operates under a misreading of the express language of Rule 4(m), which states that the accrual period for service commences upon the filing of the complaint. We see no reason to depart from the clear language of the Rule.

> FN1. Plaintiff submits evidence showing he has served only the University of Pennsylvania and Detective James B. Blackmore of the University of Pennsylvania Department of Public Safety in order to obtain the identities of Defendants Doe # 1 and # 2.
>
> FN2. We strongly advise Plaintiff to consult Federal Rule of Procedure 45 when attempting to serve subpoenas to non-party ISPs located in areas beyond this Court's jurisdictional reach. Rule 45 provides:
> [A] subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena or at any place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of the deposition, hearing, trial, production, or inspection specified in the subpoena.
> Fed.R.Civ.P. 45(b)(2).

However, our inquiry does not end with the determination that good cause is not present. In the absence of a showing of good cause, a court may, in its discretion, nevertheless extend time for service or dismiss the case without prejudice. *MCI,* 71 F.3d at 1098; *Petrucelli,* 46 F.3d at 1298. Although not exhaustive, the Advisory Committee note to Rule 4(m) lists considerations in determining whether a court should exercise its discretion to extend time for service in the absence of a finding of good cause. *See* Fed.R.Civ.P. 4(m) advisory committee's note. The Committee advises that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id.* Courts also consider whether the defendant will suffer any prejudice as a result of extending the time for service or whether the plaintiff's claims are "objectively reasonable or frivolous." *Boley,* 123 F.3d at 759-60; *Gallas,* 1998 U.S. Dist. LEXIS 14082, at *19 n. 4. Plaintiff does not raise any of these considerations nor can this Court, without knowing more, determine whether Defendants have resisted service or otherwise hindered Plaintiff's efforts to obtain their identities. Moreover, Plaintiff only speculates about possible future delays caused by subpoenaing the ISPs. Although he anticipates that other ISPs will likely object to releasing the identities of its subscribers, Plaintiff admits that none have done so. Thus, Plaintiff fails to support his allegation that service has been wrongly delayed and cannot provide this Court with a reason that he cannot effectuate service within 120 days. In the absence of evidence demonstrating that any Defendant or ISP has frustrated Plaintiff's ability to effectuate service and in light of the fact that Plaintiff fails to raise any other factor that would persuade this Court to grant additional time other than the eight days, we opt not to exercise our discretion to extend the period in which Plaintiff must effectuate service and, accordingly, we DENY IN PART and GRANT IN PART Plaintiff's motion for additional time.

### ORDER

*4 AND NOW, this day of January 2003, in consideration of the Motion for Leave to File a Second Amended Complaint and for Extension of Time to Effect Service filed by Plaintiff Gordon Roy Parker, a/k/a "Ray Gordon" ("Plaintiff") (Doc. No. 10), it is ORDERED that:

1. Plaintiff's Motion for Leave to File Second Amended Complaint is DENIED WITHOUT PREJUDICE.
2. Plaintiff's Motion for Extension of Time to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 4
Not Reported in F.Supp.2d, 2003 WL 21294962 (E.D.Pa.)
**(Cite as: 2003 WL 21294962 (E.D.Pa.))**

Effect Service is DENIED IN PART and GRANTED IN PART to the extent that Plaintiff shall have an additional 8 days to effect service.

Not Reported in F.Supp.2d, 2003 WL 21294962 (E.D.Pa.)

**Motions, Pleadings and Filings (Back to top)**

• 2:02cv07215 (Docket) (Sep. 10, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                              Page 1
Not Reported in F.Supp.2d, 2003 WL 21294971 (E.D.Pa.)
**(Cite as: 2003 WL 21294971 (E.D.Pa.))**

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
E.D. Pennsylvania.
**Gordon** Roy **PARKER**, a/k/a Ray Gordon,
Plaintiff,
v.
JOHN DOE # 1, a/k/a "Wintermute," and John
Does # 2-100, Defendants.
**No. Civ.A. 02-CV-7215.**

Feb. 10, 2003.

*MEMORANDUM AND ORDER*

KELLY, J.

*1 Presently before the Court is a Motion to Reconsider filed by pro se Plaintiff Gordon Roy Parker, a/k/a "Ray Gordon" ("Plaintiff"). On December 26, 2002, Plaintiff petitioned this Court for leave to file a second amended complaint and for an extension of time to effect service of process upon numerous unidentified defendants. On January 22, 2003, Plaintiff's motion was denied in part and granted in part. Specifically, Plaintiff's request to file a second amended complaint was denied without prejudice since he neglected to attach a proposed amended complaint to his motion. In response to his request for additional time for service of process, this Court granted Plaintiff an additional eight days beyond the standard 120 days to serve defendants to account for the time this Court took to rule on his motion to proceed in forma pauperis. Plaintiff's demand for any additional time was denied since he did not provide good cause for his inability to effectuate service. On January 22, 2003, we allowed Plaintiff additional time, until February 7, 2003, to effectuate service of process. Although the relief Plaintiff requests in the instant motion is difficult to understand, we conclude that Plaintiff fails to present relevant new facts or introduce evidence demonstrating manifest errors of law necessary to warrant reconsideration.

Federal courts have a strong interest in the finality of judgments, and thus, motions for reconsideration should be granted sparingly. *See Continental Casualty Co. v. Diversified Industries, Inc.,* 884 F.Supp. 937, 943 (E.D.Pa.1995). Accordingly, a district court may grant a motion for reconsideration only if the petitioner produces: (1) new evidence not previously available; (2) an intervening change in controlling law; or (3) clear errors of law or manifest injustice. *See Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985); *Congregation Kol Ami v. Abington Township,* Civ. A. No. 01-1919, 2001 U.S. Dist. LEXIS 10224, at *3 (E.D.Pa. July 20, 2001); *Drake v. Steamfitters Local Union No. 420,* Civ. A. No. 97-CV-585, 1998 U.S. Dist. LEXIS 13791, at *7-8 (E.D.Pa. Sept. 3, 1998); *New Chemic, Inc. v. Fine Grinding Corp.,* 948 F.Supp. 17, 18-19 (E.D.Pa.1996). Plaintiff's motion for reconsideration fails to provide any new evidence that prevents him from effecting service by February 7, 2003. Nor does Plaintiff point to any error of law or miscarriage of justice to warrant reconsideration. Rather, Plaintiff's motion appears to complain of the cost of issuing subpoenas and effectuating service of process, matters that have already been addressed by this Court. Plaintiff also expresses disagreement with this Court's legal analysis and dissatisfaction with the time we took to rule on Plaintiff's motion to file a second amended complaint and request for an extension of time. None of these complaints, however, satisfy the legal requirements to warrant reconsideration.

Moreover, Plaintiff again fails to provide this Court with a proposed amended complaint. Instead, he suggests that we parse through his instant motion to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 2
Not Reported in F.Supp.2d, 2003 WL 21294971 (E.D.Pa.)
**(Cite as: 2003 WL 21294971 (E.D.Pa.))**

fashion a proposed amendment by removing time-barred actions and dismissing any defendants who could not be served within the time allotted. We decline to follow Plaintiff's recommendation. Since this Court did not dismiss with prejudice Plaintiff's motion to file a second amended complaint, we strongly advise him to file a proposed second amended complaint that includes the several defendants he has identified as well as any additional claims he sets forth in the instant motion, so that this Court may properly assess his request.

*2 For the reasons set forth above, Plaintiff's Motion for Reconsideration is DENIED.

Not Reported in F.Supp.2d, 2003 WL 21294971 (E.D.Pa.)

**Motions, Pleadings and Filings (Back to top)**

• 2:02cv07215 (Docket) (Sep. 10, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER, <br> a/k/a RAY GORDON, <br>     Plaintiff, | : <br> : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | |
| JOHN DOE #1, a/k/a <br> "WINTERMUTE," and <br> JOHN DOES #2-100, <br>     Defendants. | : <br> : <br> : <br> : | No. 02-CV-7215 |

## ORDER

**AND NOW**, this 25th day of February 2003, upon consideration of Plaintiff Gordon Roy Parker's, a/k/a Ray Gordon ("Plaintiff") continued and inexcusable failure to serve any defendants, including those defendants identified by Plaintiff, in the above-mentioned case, despite this Court's several admonitions to do so and extensions of time to effectuate service, we conclude that Plaintiff has failed to comply with this Court's January 22, 2003 letter ordering him to file proof of service of process by February 12, 2003. Since Plaintiff does not present an adequate reason for his inability to serve these defendants within the additional time this Court extended him, it is **ORDERED** that pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff's case is **DISMISSED WITHOUT PREJUDICE.**

It is further **ORDERED** that all outstanding motions, including Plaintiff's Second Motion for Leave to File a Second Amended Complaint and For Extension of Time to Effect Service

(Doc. No. 18) and Motion to Enforce Subpoenas Duces Tecum on Nonparty University of Pennsylvania (Doc. No. 8), must be **DENIED AS MOOT.**

BY THE COURT:

_____
JAMES McGIRR KELLY, J.