Westlaw.

Not Reported in F.Supp.                                                                                      Page 1

Not Reported in F.Supp., 1991 WL 317019 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
CONOCO, INC., et al., Plaintiffs,
v.
Samuel K. SKINNER, as Secretary of
Transportation, et al., Defendants.
**Civ. A. No. 91-122-JLL.**

Nov. 12, 1991.

Richard Allen Paul of E.I. du Pont de Nemours and
Company, Wilmington, and Mark P. Schlefer,
T.S.L. Perlman, Leonard Egan, and William C.
Buckhold of Fort & Schlefer, Washington, D.C., of
counsel, for plaintiff.
William C. Carpenter, Jr., United States Attorney
and Kent A. Jordan, Assistant United States
Attorney, Wilmington, Stuart M. Gerson, Assistant
Attorney General, Washington, D.C., Sandra M.
Schraibman, Assistant Director, and Susan
Friedman Cohen, Civil Division Trial Attorney, for
the United States Department of Justice, Rosalind
Avnet Lazarus for the Department of
Transportation, Robert J. Patton, Jr., Deputy Chief
Counsel and Sandra L. Jenkins, Assistant Chief
Counsel, for the Maritime Administration, John
Astley for the United States Coast Guard, and
William Sandler for the United States Customs
Service, Washington, D.C., for defendants.

MEMORANDUM OPINION

LATCHUM, Senior District Judge.
**\*1** Plaintiffs, E.I. du Pont de Nemours and
Company ("Du Pont") and its wholly owned
subsidiary Conoco, Inc. ("Conoco"), seek judicial
review in this Court of federal agency action
concerning documentation, ownership, and
chartering of vessels in coastwise trade under the
Administrative Procedure Act ("APA"). 5 U.S.C. §
701 *et seq.* (Docket Item ["D.I."] 1, 13.)

Defendants, the United States Departments of
Transportation and Treasury, the United States
Coast Guard, the United States Customs Service,
the Maritime Commission, and the United States of
America, contend that these issues fall within the
exclusive jurisdiction of the court of appeals under
the Hobbs Act. 28 U.S.C. § 2342. Accordingly,
the defendants moved this Court to dismiss the
action for lack of jurisdiction. (D.I. 6, 7.)

The plaintiffs then moved for summary judgment on
the merits. (D.I. 11, 12.) In response, defendants'
moved to stay consideration of the motion for
summary judgment in order to resolve the
preliminary issue of whether this Court has subject
matter jurisdiction. (D.I. 18.) In this Court's
discretion, after balancing the competing interests at
issue, consideration of the plaintiffs' motion for
summary judgment must be suspended until the
jurisdictional issue in defendants' motion to dismiss
is resolved.

*Discussion*

The power to stay proceedings, so as to promote
fair and efficient adjudication, is incidental to the
Court's inherent power to control the disposition of
the cases on its docket. *Gold v. Johns-Manville
Sales Corp.,* 723 F.2d 1068 (3d Cir.1983) (citing
*Landis v. North American Co.,* 299 U.S. 248, 254
(1936)). When determining whether a **stay** is
appropriate, the Court should balance the
competing interests, consider the possible damage,
hardship, and inequities and conserve **judicial
resources**. *Lenox Hotel Co. v. Charter Builders,
Inc.,* 717 F.Supp. 1558, 1564 (N.D.Ga.1989). For
the reasons set forth below, granting a stay is
appropriate under the facts and circumstances of
this case.

First, this Court cannot consider the merits of the
case until it first is assured of its jurisdiction. *Allied
Poultry Processors Co. v. Polin,* 134 F.Supp 278,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                    Page 2

Not Reported in F.Supp., 1991 WL 317019 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

279 (D.Del.1955) (jurisdiction must be secured before proceeding with the other substantive contentions). Here, this Court seriously questions its jurisdiction and it cannot proceed until it is assured that jurisdiction is appropriate. Although the Third Circuit may welcome the views of this Court on the merits even if this Court ultimately lacks jurisdiction, the United States Constitution forbids this Court from fulfilling such an advisory role. The judicial power in Article III is not unconditioned authority to determine the constitutionality of legislative or executive acts. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 471, 473-75 (1982).

Second, this Court believes that discussion on the merits raises issues separate and distinct from any discussion of jurisdiction. In this Court's discretion, these two complex matters cannot be efficiently considered in a single proceeding. Not only will examination of discrete issues risk confusion, a determination of the merits is contingent upon subject matter jurisdiction and it would be wasteful to deal with contentions possibly rendered moot on jurisdictional grounds. Also, an initial probe into the jurisdictional issue will allow the parties to sharpen the inquiry on the merits and concentrate their efforts in a subsequent hearing, regardless of the forum. This Court believes that a stay will eliminate the possibility of duplicate hearings addressing plaintiffs' substantive contentions and conserve the time, effort and resources of all involved.

**\*2** The plaintiffs' state their intention to appeal any order to dismiss on jurisdictional grounds, apparently to convince this Court that a stay is inappropriate. The plaintiffs' intentions do not persuade this Court to simultaneously resolve both the jurisdictional and substantive issues. To the contrary, it makes the necessity of a deliberate, isolated look at the jurisdictional issue more important. Moreover, the plaintiffs' argument that their victory on appeal would force "this Court to address the case a second time with the probability of a second appeal on the merits" is not well taken. (D.I. 19.) It appears to this Court that plaintiffs' anticipate not only an unwarranted dismissal on

jurisdictional grounds but an erroneous decision by this Court on the merits. This argument is not only speculative and demeaning to the Court but subsequent appeals on this Court's legal decisions have little bearing on its discretionary control of the cases on its docket.

Third, this Court can find no harm or prejudice accruing to either party. The plaintiffs' apparently oppose a stay only on the grounds of judicial economy, contending that it "makes good sense" to determine both the jurisdictional and substantive issues in a single proceeding. (D.I. 19.) Neither the plaintiffs nor the defendants outline any damage, hardship, or inequities arising from the granting of a stay. Quite the opposite appears to be true, the parties will obtain a timely ruling on the merits regardless of the ultimate determination of the jurisdictional issue. The action is currently pending before the Third Circuit and it appears that the Third Circuit could resolve the matter should this Court lack jurisdiction. To the extent that plaintiffs raise claims ancillary to those matters over which the court of appeals has exclusive review under the Hobbs Act, such a claim is subject to review exclusively by the court of appeals. *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 743 (1985) (preliminary or ancillary issues to the core issue in a proceeding should be reviewed in the same forum as the final order resolving the core issue); *Telecommunications Research and Action Center v. FCC,* 750 F.2d 70, 75 (D.C.Cir.1984) (where statute grants exclusive jurisdiction, any suit possibly affecting future jurisdiction is subject to the same exclusive review by use of the All Writs Act).

*Conclusion*

This Court holds that postponement of consideration of the plaintiffs' motion for summary judgment is appropriate to promote fair and efficient adjudication. Therefore, defendants' motion to stay will be granted. An order will be entered in accordance with this Memorandum Opinion.

D.Del.,1991.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                    Page 3

Not Reported in F.Supp., 1991 WL 317019 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**


Conoco, Inc. v. Skinner
Not Reported in F.Supp., 1991 WL 317019 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:91cv00122 (Docket) (Mar. 11, 1991)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.