IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GORDON ROY PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-229 SLR |
| | ) | |
| LEARN THE SKILLS CORP., *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY BRIEF OF DEFENDANTS
LEARN THE SKILLS CORP., PAUL J. ROSS
AND STRAIGHTFORWARD, INC. IN SUPPORT OF THEIR
MOTION (1) TO STAY THIS ACTION PENDING RESOLUTION OF
RELATED LITIGATION IN THE U.S. DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA AND THE U.S. COURT OF
APPEALS FOR THE THIRD CIRCUIT, (2) TO DISMISS FOR
FAILURE TO STATE A CLAIM AND LACK OF PERSONAL JURISDICTION,
AND (3) TO DEFER BRIEFING ON THE MOTION TO DISMISS**

David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for defendants Learn the Skills Corp., Paul J. Ross and Straightforward, Inc.

Dated: May 18, 2006

## **TABLE OF CONTENTS**

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.     THIS ACTION SHOULD BE STAYED PENDING RESOLUTION OF RELATED LITIGATION IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA AND THE U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## **TABLE OF AUTHORITIES**

None

**ARGUMENT**

I.  **THIS ACTION SHOULD BE STAYED PENDING RESOLUTION OF RELATED LITIGATION IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA AND THE U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT.**

Mr. Parker spends the bulk of his answering brief attempting to insert into the record "facts" without any evidentiary support. Such action is improper. In any event, the "facts" he addresses are not relevant to the legal analysis involved in a motion to stay.

Mr. Parker has not refuted the central points. First, there is no debate that the causes of action raised in the prior-filed Pennsylvania litigation are similar if not identical to those raised in this action. Indeed, as demonstrated in defendants' opening brief, Mr. Parker has stated in the Pennsylvania litigation that, if he is permitted to continue litigating in Pennsylvania, he intends to amend his Complaint there so as to mirror the Complaint in the present action.

Mr. Parker has not disputed the fact that, if either the U.S. District Court for the Eastern District of Pennsylvania reverses its decision on reargument, or if the Third Circuit reverses, then two courts will be dealing with the same factual legal issues, creating the risk of inconsistent judgments and a potential waste of judicial resources.

Mr. Parker's only claim of prejudice resulting from the delay is the delay itself, and his desire to proceed with litigation. If that were accepted as legitimate prejudice, however, then stays could never be granted, as all plaintiffs desire to proceed with their cases. Mr. Parker has not made any effort to show that his ability to obtain evidence would be thwarted, or any other of the types of things courts usually consider as prejudice.

In his answering brief, Mr. Parker gives an additional reason to stay this action. Mr. Parker has stated that he intends to amend his Complaint to include new factual allegations and new defendants. Defendants should not be required to respond to the current Complaint, much less brief a motion to dismiss, when by Mr. Parker's admission the Complaint currently filed will not be the operative pleading.

The issues and most of the parties in the Pennsylvania action are identical to the issues in the current action. The current action is merely the result of the dismissal of the Pennsylvania action, which dismissal Mr. Parker is now challenging. The maintenance of this action while the Pennsylvania action is pending and being appealed would result in duplication, a waste of judicial resources, and potentially inconsistent rulings. A stay would not result in any cognizable prejudice. For these reasons, a stay is warranted pending ultimate resolution of the Pennsylvania action.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, as well as the reasons stated in their opening brief, defendants Learn The Skills Corp., Paul J. Ross and Straightforward, Inc. respectfully request that the Court stay all proceedings in the present action pending ultimate resolution of the prior-filed, related Pennsylvania action.

Dated: May 18, 2006

                      Respectfully submitted,

                      /s/ David L. Finger
                      David L. Finger (DE Bar ID #2556)
                      Finger & Slanina, LLC
                      One Commerce Center
                      1201 Orange Street, Suite 725
                      Wilmington, DE 19801-1155
                      (302) 884-6766
                      Attorney for defendants Learn the Skills Corp., Paul J. Ross and Straightforward, Inc.

**CERTIFICATE OF SERVICE**

I, David L. Finger, hereby certify that on this 18th day of May, 2006, I caused two copies of the foregoing document to be served via first class mail, postage prepaid, on the below-listed party:

>Gordon Roy Parker, *pro se*
>4247 Locust Street, #806
>Philadelphia, PA 19104

>/s/ David L. Finger
>David L. Finger (DE Bar ID #2556)
>Finger & Slanina, LLC
>One Commerce Center
>1201 Orange Street, Suite 725
>Wilmington, DE 19801-1155
>(302) 884-6766