IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GORDON ROY PARKER                    :     CIVIL ACTION  FILED AUG 0 2 2006
a/k/a RAY GORDON,                    :
d/b/a SNODGRASS PUBLISHING           :
GROUP                                :
                                     :
            v.                       :
                                     :
LEARN THE SKILLS CORP.,              :
et al.                               :     NO. 05-2752

MEMORANDUM

Bartle, C.J.                                    August 2, 2006

On March 23, 2006, we granted five separate motions of

defendants to dismiss the claims against them.  Now pending are

the motions of plaintiff for reconsideration, or, in the

alternative, to vacate the court's entry of judgment in favor of

defendant Learn the Skills Corporation ("LTSC").

Serial pro se plaintiff Gordon Roy Parker ("Parker")[1]

filed this action against defendants Trustees of the University

of Pennsylvania ("Penn"), LTSC, Formhandle@Fastseduction.com

("Formhandle"),[2] Paul J. Ross, Matthew S. Wolf ("Wolf"), and

Thomas E. Geiger on June 9, 2005.  Plaintiff's amended complaint,

---

1. See, e.g., Parker v. Univ. of Pa., Civ. A. No. 02-0567; Parker
v. Wintermute, Civ. A. No. 02-7215; Parker v. Google, Inc., Civ.
A. No. 04-3918; Parker v. Univ. of Pa., Civ. A. No. 05-4874.

2. The amended complaint alleges that Formhandle is one of the
owners of LTSC.  Formhandle and LTSC are treated interchangeably
in the amended complaint, so this Memorandum will refer only to
LTSC in the interest of clarity.

filed October 24, 2005, alleges violations of the Racketeer
Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.
§§ 1961 et seq., the Sarbanes-Oxley Act, 18 U.S.C. § 1513(e), the
Clayton Act, 15 U.S.C. § 12, and the Lanham Act, 15 U.S.C.
§ 1125(a).  It also contains common law counts of civil
conspiracy, tortious interference, abuse of process, fraudulent
misrepresentation, and invasion of privacy.  Massive and
frequently incomprehensible, the amended complaint alleges that
defendants conspired as the "Seduction Mafia" to impede and
damage plaintiff's business interests in the competitive world of
providing advice on "picking-up" or seducing women.  Plaintiff
seeks compensatory and punitive damages in excess of $2 billion.

     This action has its roots in plaintiff's highly similar
suit against defendants LTSC, Geiger, and Formhandle, captioned
Parker v. Learn the Skills Corp., Civ. A. No. 03-6936
(hereinafter "Parker I").  In that action, the late Judge James
McGirr Kelly granted pro se defendant Geiger's motion to dismiss
plaintiff's first amended complaint without prejudice due to its
failure to comply with the "short and plain statement"
requirements of Rule 8(a)(2) of the Federal Rules of Civil
Procedure.  See Parker I, Civ. A. No. 03-6936, 2004 WL 2384993
(E.D. Pa. Oct. 25, 2004).  Judge Kelly later dismissed
plaintiff's second amended complaint, again without prejudice,
for failing to correct this same pleading deficiency.  See Order
of Dismissal, Civ. A. No. 03-6936 (E.D. Pa. Dec. 3, 2004).

On March 23, 2006, we granted the separate motions to
dismiss of LTSC, Ross and Geiger for lack of personal
jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of
Civil Procedure and the motions of Penn and Wolf to dismiss for
failure to state a claim upon which relief can be granted
pursuant to Rule 12(b)(6).  On March 30, 2006, after plaintiff
requested the entry of judgment on a separate document pursuant
to Rule 58(d), we signed a separate order entering judgment in
favor of defendants to the extent that we had not already
complied with Rule 58(a)(1).  Plaintiff has since appealed our
March 23, 2006 Order, although the appeal has been stayed pending
resolution of the instant motions.  In addition, plaintiff has
since filed a new complaint in the United States District Court
for the District of Delaware against defendants LTSC and Ross, as
well as other unidentified Internet identities, in which he
alleges substantially the same claims for relief covered by his
amended complaint in this case.  See Parker v. Learn the Skills
Corp., et al., Civ. A. No. 06-0229 (D. Del.).

In the motion for reconsideration filed on April 3,
2006,[3] plaintiff contends that this court made a clear error of
law and misconstrued certain facts leading to a manifest
injustice.  See Fed. R. Civ. P. 59(e); Loc. R. Civ. P. 7.1(g);
see also Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d

---

3. In addition, plaintiff filed a supplement to his motion for
reconsideration on April 10, 2006.  The supplement includes a
copy of plaintiff's Delaware complaint, filed April 7, 2006.

-3-

Cir. 1999). He requests that we vacate our Order and judgment against him and grant him thirty days' leave to file a second amended complaint. In his alternative motion to vacate the March 30 judgment, plaintiff contends that recently discovered "new evidence" confers jurisdiction over LTSC in this court. In light of this purported discovery, plaintiff seeks to have the March 30, 2006 judgment in favor of LTSC vacated and an award of costs to cover the appeal to the Third Circuit as well as the filing fee in Delaware.

I.

Though not specified in plaintiff's motion, we view the motion for reconsideration as made pursuant to Rule 59(e). See, e.g., Amatangelo v. Borough of Donora, 212 F.3d 776, 779-80 (3d Cir. 2000). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Courts should grant these motions sparingly, reserving them for instances when (1) there has been an intervening change in controlling law, (2) new evidence has become available, or (3) there is a need to correct a clear error of law or fact or to prevent manifest injustice. See, e.g., Gen. Instrument Corp. of Del. v. Nu-Tek Elecs. & Mfg., Inc., 3 F. Supp. 2d 602, 606 (E.D. Pa. 1998). A motion for reconsideration may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in

-4-

the context of the matter previously decided.  Drysdale v.
Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).

In his motion for reconsideration, plaintiff advances
several arguments beyond the aforementioned permissible grounds
for our review.  Accordingly, we will attempt to address only
those contentions that have been properly raised.

A.

The amended complaint seeks recovery from Ross, LTSC
and Geiger under the RICO Act, 18 U.S.C. § 1961 et seq., the
Clayton Act, 15 U.S.C. § 12, the Lanham Act, 15 U.S.C. § 1125(a),
as well as common law counts of civil conspiracy, tortious
interference and invasion of privacy.  In our March 23, 2006
Memorandum, we explained that plaintiff had failed to meet his
burden that personal jurisdiction over Ross, a resident of
California, LTSC, a Delaware corporation, and Geiger, a resident
of Mississippi, was proper here.  Consequently, we granted their
separate motions to dismiss[4] for lack of personal jurisdiction
made pursuant to Rule 12(b)(2).  In addition, we found that
plaintiff's jurisdictional claims were "clearly frivolous" and
denied his motion to conduct jurisdictional discovery.  See Toys
'R' Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003).

In his motion for reconsideration, plaintiff contends
that the court erred in finding he had not met his burden of

---

4.  Pro se defendant Geiger alternatively moved to strike the
amended complaint, or to dismiss for failure to state a claim
upon which relief can be granted or improper venue, or for a
change of venue.

establishing personal jurisdiction because the amended complaint
was verified.  Plaintiff reiterates his jurisdictional
allegations from the amended complaint and disputes the court's
denial of the motion to conduct jurisdictional discovery.

        In finding plaintiff's jurisdictional allegations
insufficient, we relied on our Court of Appeals' holding that
general averments in an unverified complaint or response without
the support of "sworn affidavits or other competent evidence" are
insufficient to establish jurisdictional facts.  Time Share
Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66-67 n.9
(3d Cir. 1984).  Plaintiff, however, attached a verification to
his amended complaint in which he stated that the allegations
contained within were "true and correct to the best of [his]
knowledge."  The effect of a verification is that the complaint
is accorded the weight of an affidavit.  See, e.g., Leonard A.
Feinberg, Inc. v. Central Asia Capital Corp., Ltd., 936 F. Supp.
250, 255 n.4 (E.D. Pa. 1996).  Even so, this is an insufficient
basis for reconsideration.  In our March 23, 2006 Memorandum, we
determined that plaintiff's jurisdictional allegations in the
amended complaint were insufficient to show defendants had the
"minimum contacts" to exercise jurisdiction.  See, e.g., Burger
King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).  This pleading
deficiency is present whether or not plaintiff verified his
amended complaint.  Moreover, we determined that plaintiff's
jurisdictional allegations, which were made without personal
knowledge, were "clearly frivolous," and we denied plaintiff's

motion to conduct jurisdictional discovery as an attempted fishing expedition. See March 23, 2006 Mem. at 8-11 (quoting Toys 'R' Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003)). We see no reason to disturb our March 23, 2006 Order that plaintiff had not demonstrated the personal jurisdiction of this court over LTSC, Ross and Geiger.

In addition, we refuse to consider plaintiff's repeated arguments that he should have been permitted to conduct jurisdictional discovery as outside the permissible scope of a motion for reconsideration. These arguments were presented in full in plaintiff's earlier motion and rejected.

B.

The amended complaint asserted three counts against attorney Wolf all arising from his role as counsel for LTSC in Parker I: participation in the RICO enterprise, civil conspiracy, and an abuse of process claim. On the motion for reconsideration, plaintiff asserts no permissible grounds on which we could properly reconsider our March 23, 2006 Order. Plaintiff argues only that the court erred in applying the law and relied on a "misconstruction of the facts." These arguments are not appropriate bases for a motion to reconsider.

C.

The amended complaint asserted three counts against Penn: a RICO violation under 18 U.S.C. § 1962(c) and (d), as well as state law claims for civil conspiracy and fraudulent misrepresentation. These claims arise from one primary relevant

-7-

allegation: that a Penn employee, Detective James B. Blackmore,
committed perjury in testifying before Judge Kelly on
February 12, 2003 that he did not know the identity of a
particular "Seduction Mafia operative" known as "Wintermute." We
held that plaintiff's conspiracy and fraud counts were subject to
a two-year statute of limitations under Pennsylvania law.
Because Detective Blackmore's alleged perjury occurred more than
two years before the filing of the instant action on June 9,
2005, we found plaintiff's conspiracy and fraud claims time-
barred. To the extent any of plaintiff's claims were not time-
barred, we further held that plaintiff failed to meet the
heightened pleading requirements of Rule 9(b) for his fraud claim
and that he failed properly to plead a conspiracy which he
alleged was between Penn and its employee Detective Blackmore.
Under Pennsylvania law, an employer and its employee cannot
conspire. See, e.g., Rutherfoord v. Presbyterian-Univ. Hosp.,
612 A.2d 500, 508-09 (Pa. Super. Ct. 1992).

        On his motion for reconsideration, plaintiff argues
that one allegation in the amended complaint falls within the
two-year statute of limitations. Namely, that on April 14, 2004,
Penn "repeated its claim that it could not have identified
Wintermute." In addition, plaintiff further argues in his
motion, for the first time, that Detective Blackmore is "a
Philadelphia Police Officer who works on the Penn campus, rather
than an employee of Penn itself." Having already addressed the
April 14, 2004 allegation in our March 23 Memorandum, plaintiff

-8-

has raised nothing in his motion to warrant reconsideration of our decision that his conspiracy and fraud counts are barred by the statute of limitations.  Plaintiff's new argument that Detective Blackmore is not an employee of Penn, asserted for the first time in his motion for reconsideration and without any evidentiary support, is improperly raised and by itself fails to remedy the shortcomings of plaintiff's pleading.

D.

Finally, in the motion for reconsideration, plaintiff contends that the court abused its discretion by granting the motions to dismiss in lieu of granting plaintiff leave to file a seconded amended complaint.  See Fed. R. Civ. P. 15(a). Plaintiff argues that any deficiencies in the complaint could have been cured through a second amended complaint.  We disagree. Between his original and amended complaints in this action and three separate complaints filed in Parker I, plaintiff has had no less than five attempts to present a complaint that could pass muster.  Granting plaintiff leave to amend his complaint yet again is simply not warranted under the circumstances.

II.

In the motion to vacate judgment filed pursuant to Rule 60(b), plaintiff argues that personal jurisdiction over LTSC is proper based on recently discovered evidence.  Plaintiff contends that LTSC produces and sells a DVD on the Internet through a website it owns and operates at http://www.artofthepickup.com. Plaintiff alleges this evidence could not have been discovered

-9-

through due diligence prior to July 2, 2006 apparently because LTSC had not "publicized" its ownership of the DVD selling website.

There is no dispute between the parties that the website in question was registered by LTSC in May 2005 and went "live" and was available to the public for the first time in July 2006, months after we dismissed plaintiff's amended complaint. Moreover, as our Court of Appeals has held, "the mere operation of a commercially interactive website should not subject the operator to jurisdiction anywhere in the world." Toys 'R' Us, 318 F.3d at 454.  On the pleadings before us, plaintiff has alleged nothing more than LTSC's operation of a website that can be viewed in Pennsylvania.  He has not alleged any sales to have taken place in Pennsylvania.  To that end, LTSC responds, and plaintiff does not dispute, that the website expressly does not permit the sale of products to customers residing in Pennsylvania.  Whether or not this restriction is designed solely to frustrate plaintiff's efforts at establishing jurisdiction, the fact remains that LTSC has purposefully elected not to conduct business in Pennsylvania.  We agree with defendant LTSC that plaintiff's purported newly discovered evidence is insufficient to confer jurisdiction over LTSC in this court. Accordingly, the motion to vacate the entry of judgment for LTSC will also be denied.

-10-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GORDON ROY PARKER                    :          CIVIL ACTION
a/k/a RAY GORDON,                    :
d/b/a SNODGRASS PUBLISHING           :
GROUP                                :
                                     :
          v.                         :
                                     :
LEARN THE SKILLS CORP.,              :
et al.                               :          NO. 05-2752

ORDER

AND NOW, this 2nd day of August, 2006, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the motion of plaintiff for reconsideration is DENIED; and

(2)  the motion of plaintiff to vacate judgment is DENIED.

BY THE COURT:

_____
                           C.J.