IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE


GORDON ROY PARKER,             :         Case No. 06-CV-229

                                 :

Plaintiff,                     :         Judge Sue L Robinson

                                 :

v.                          :

                                 :

ALLEN REYES,               :

                                 :

Defendant.                 :



FILED

AUG 17 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned


**MOTION TO DISMISS FOR FAILURE TO STATE A LEGAL CAUSE OF ACTION**

**AND JURISDICTION UNDER DELAWARE LONG ARM STATUES.**


## I. Statement of facts.

1. Defendant Allen Reyes is a sole proprietor of an Internet business in the state of Oregon which sells electronic books to buyers via web-site. Defendant is not a corporation. Allen Reyes is a lifelong resident of the State of Oregon. He has never had any continuous and systematic contacts with the State of Delaware. He has no employees or agents present in the State of Delaware, has no telephone listings in Delaware, does not directly advertise in Delaware, and neither owns nor leases real or personal property in Delaware.

Defendant also has performed no contracts in Delaware.

2. Defendant has benefited from no substantial amount of sales conducted in Delaware. One single buyer (far less than 1% of total lifetime of product sales) of his electronic book "Dynamic sex life" has happened to be a resident of the state of Delaware. The profit from said sale was seventeen dollars and ninety seven cents lifetime sales from the state of Delaware.

3. Defendant does not attempt to solicit business specifically from individuals and companies residing in Delaware. In his entire lifetime the defendant personally has not resided in or traveled within the state of Delaware and he does not have business associates or friends or family he is aware of who reside in Delaware.

4. While persons from states other than Oregon may access the Defendants web site and purchase his electronic book, no attempt is made to direct the content to residents of particular states or regions. There is nothing about the Defendants web site or its contents which would attract particular attention from residents of Delaware.

## II. Grounds for dismissal on tortious influence argument for jurisdiction.

5. The Plaintiffs claim of tortious interference do not submit Defendant to Delaware jurisdiction as cited in Delaware long arm statute DE ST TI 10 § 3104 (c.4). Because Defendant does not fit the criteria listed in (c.4) of :

"regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State"

As Defendant does not solicit business from the state of Delaware, has no persistent course of conduct in the state of Delaware and has not derived substantial revenue from services or things used in the state.

## III. Grounds for dismissal based on lack of legal cause of action in jurisdiction argument cited by Plaintiff.

10. Plaintiff fails his duty of due diligence in his claim of a cause of action. Plaintiffs remaining claims of Civil conspiracy, racketeering, unfair competition, and antitrust violations., do not meet criteria within section (J) of DE ST TI 10 § 3104. Which states:

"When jurisdiction over a person is based solely upon this section, only a cause of action arising from any act enumerated in this section may be asserted against the person."

Only tortious interference is enumerated in DE ST TI 10 § 3104. The remaining allegations are not allowed as a cause of action asserted in conjunction with plaintiffs jurisdiction argument.

## IV.  In summation

The complaint should be dismissed for failure to meet jurisdiction criteria for this Defendant for tortious interference. The complaint should be dismissed for failing to fall within standards for cause of action in Plaintiff request for use of long arm statutes for the state of Delaware.

WHEREFORE Defendant moves this Court to enter an Order dismissing the complaint.

_____
Allen Reyes, Pro se Defendant

<u>Affidavit of mailing</u>

State of Oregon    )
                   )SS.
County of KLAMATH

I state under oath that I mailed a certified true copy of my Answer to the person listed below on

the   _16th_ day of _August_         20_06_

Gordon Roy Parker, 4247 Locust street #806, Philadelphia, PA, 19104

_____
Allen Reyes

SUBSCRIBED AND SWORN TO me this _16_ day of _August_    ,20_06_

_____
Notary public

OFFICIAL SEAL
ALICE M HORTON
NOTARY PUBLIC-OREGON
COMMISSION NO. 378056
MY COMMISSION EXPIRES MAR. 2, 2008

My commission expires: March 2, 2008

## CERTIFICATE OF DOCUMENT PREPERATION

I certify that I completed this document without assistance.

_____
Allen Reyes, Pro se Defendant



From:

Allen Neys
123 5th laguna St
Klamath Falls OR
97601

To: U.S district court of Delaware
district of Delaware
844 north King st lockbox 18
wilmington Delaware 19801

PRIORITY MAIL
UNITED STATES POSTAL SERVICE ™
www.usps.gov

LABEL 107R, OCT 1997

UNITED STATES
POSTAL SERVICE

ReadyPost