IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**,<br><br>                                                      Plaintiff,<br>v.<br><br>**Learn The Skills Corp.**, et al.<br><br>                                                      Defendants. | CASE NO.: 06-cv-229<br><br>Judge: SLR |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS ROSS/STRAIGHTFORWARD/LTSC MOTION TO STAY OR DISMISS, TO DEFER BRIEFING, ANID FOR SANCTIONS

Plaintiff submits this opposition brief to the instant motion of Defendants LTSC, Paul J. Ross, and Straightforward, Inc. to dismiss this action for failure to state a claim, or alternatively, to stay it pending resolution of related litigation in the Eastern District of Pennsylvania, to defer briefing on the motion to dismiss, and for sanctions.

Following is a summary of Plaintiff's arguments in opposition to the filing:

1. The letter that was enclosed to the filing was a direct violation of Judge Robinson's procedures concerning letters, which states that:

> **Letters will be accepted if they serve only to transmit information to the court and to which no response from the Conrt is expected. For instance, letters of enclosure or letters canceling or confirming a proceeding are acceptable. Letters containing substantive legal arguments (i.e., disguised supplemental memoranda or briefs) will not be accepted and will be returned to the sender.**[1] **(Emphasis Added).**

2. Pursuant to 1) above, the letter from Defense counsel should have been returned by the Court; to the extent it was not, it should be stricken from the record.

3. This case is governed by the **Delaware** rules, not the **Pennsylvania** rules. The Delaware rules are more liberal (requiring only profit from products sold to its residents),

---

[1] Source: http://www.ded.uscourts.gov/SLRmain.htm

Defendant LTSC is a Delaware corporation, and Defendant Ross "derives revenue from" products sold to Delaware residents (his "Speed Seduction" product line), something which gives this Court jurisdiction over him.

4.  This case presents new facts and several new Defendants, and is not merely duplicative of the Pennsylvania case.

5.  There is no foundation for a motion for sanctions, which should be stricken from the record.

6.  Defendant did not seek concurrence pursuant to Local Rule 7.1.1 or otherwise serve a Rule 11 motion on Plaintiff prior to filing its "motion for sanctions," which should therefore be stricken from the record.

7.  This case would not have been necessary to file against Defendant LTSC (and, by Rule 54, against other defendants prior to adjudication in Pennsylvania) were it not for LTSC's own deceptive conduct regarding sales to Pennsylvania residents. On August 11, 2006, Plaintiff obtained evidence that <u>Defendant LTSC tells residents from Pennsylvania who want its products to have a third-party from out of state order it for them.</u>[2]

8.  A stay of this case would further prejudice Plaintiff, and is contrary to the public interest recognized by Congress when it authorized private civil actions for Lanham Act and antitrust violations.

9.  Jurisdiction in Delaware is further conferred over Defendants Ross and Straightforward, because Straightforward (and by extension, Ross) have (or had, during the relevant times) an affiliate partnership with Defendant LTSC, a Delaware corporation. Even if

---

[2] Plaintiff uncovered this information by creating an AOL screen name of a "freelance writer" from Bensalem, PA, contacted LTSC about purchasing its products from Pennsylvania, and received an e-mail in response (on August 11, 2006), that stated that he could obtain an LTSC product, "Art of the Pickup DVD," by having someone from out of state place the order. Defendant LTSC, despite being put on notice that it was dealing with a PA resident, continued to solicit revenue from the Commonwealth in a manner designed to avoid jurisdictional responsibility.

2

the consumer of the product was not a Delaware resident, any sales made by Defendant LTSC were made by a **Delaware** corporation, thus subjecting the parties to these transactions to jurisdiction in the state.

10.  Plaintiff reserves, without intended wavier, all other defenses, claims, and arguments not set forth in or germane to this motion.

WHEREFORE, the instant motion should be **denied**, and this case allowed to proceed. A memorandum is attached and incorporated by reference as if fully stated verbatim herein. An appropriate form of order is also attached.

This the 23rd day of August, 2006.

Gordon Roy Parker
Plaintiff, Pro Se
4247 Locust Street, #806
Philadelphia, PA  19104
(215) 386-7366
GordonRoyParker@aol.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| GORDON ROY PARKER, a.k.a. Ray Gordon, d/b/a Snodgrass Publishing Group,<br><br>Plaintiff,<br>v.<br><br>Learn The Skills Corp., et al.<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CASE NO.: 06-cv-229**<br><br>**Judge: SLR** |
|---|---|---|

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS ROSS/STRAIGHTFORWARD/LTSC MOTION TO STAY OR DISMISS, TO DEFER BRIEFING, ANID FOR SANCTIONS**

Plaintiff submits this memorandum in support of his opposition to the instant motion.

**I.   BACKGROUND/NATURE AND STAGE OF PROCEEDINGS**

Rather than try this case on the merits, Defendant has chosen to use stalling tactics and misinformation in an attempt to delay (and, as the saying goes, deny) justice to Plaintiff. This is not surprising, given that Defendants in this case, whom Plaintiff has alleged to constitute an illegal cartel, will continue to profit substantially from the status quo, which will continue to harm Plaintiff. With every day that passes that no Defendant in this case is required to make any admission, averment, or otherwise testify to anything factual under oath rather than via conclusory allegation in its pleadings, these Defendants can continue to exert their illegal stranglehold on the internet seduction-advice industry, and dozens if not hundreds of additional men will not even realize how they were swayed into making overpriced, underperforming purchases from this "commercial mutual admiration society" whose affiliations and partnerships are deeply obscured, if not downright hidden.

Counsel for Defendant LTSC (and Ross and Straightforward) are attempting to sway this court against Plaintiff without his having the benefit of even simple discovery, let alone trial

on the merits. Rather, these defendants are attempting to portray Plaintiff as a reckless litigant, using the fact that he must proceed *pro se* to support its unfounded, conclusory allegations, and recently, Defendant LTSC revealed itself to be engaged in subterfuge regarding its policy of "not doing business in Pennsylvania" in order to avoid jurisdiction there, which is the only reason that this case had to be filed here instead. Once filed, however, this case has become a separate entity, as there are new facts and new defendants that could not have become part of the dismissed Pennsylvania case, a case which is currently under appeal. However, regardless of the outcome of that appeal, both cases would still be valid, and at most, would be consolidated or treated as a multi-district litigation.

## II. LEGAL STANDARD

### A. Legal Standard For Motion To Stay.

The most analogous case to this one that Plaintiff found when searching was Waitt et al. v. Merck, W.D.Wa #C05-0759L, where that court found that "there is no risk of conflicting rulings or inefficient use of resources when ***the issues being litigated are factually distinct.***" This case, however, presents the additional circumstance of not being identical to pending litigation in the Eastern District of Pennsylvania, but rather a **dismissed** case from that jurisdiction which is currently under appeal.

### B. Legal Standard For Motion For Sanctions.

Federal Rule 11(c)(1)(a) is as clear as Judge Robinson's procedure governing letters disguised as pleadings:

> (A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the

2

motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

C. **Legal Standard For Jurisdiction In Pennsylvania And Delaware**

1. **Pennsylvania's Long-Arm Statute.** Pennsylvania's "long-arm statute," 42 PA CSA §5322, requires "minimum contacts" with the state: a Defendant generally must purposefully avail himself or herself of jurisdiction in the Commonwealth by acting within its boundaries.

2. **Delaware's Long-Arm Statute.** Delaware's jurisdictional requirements are far more liberal, such as Title 10, §3104(c)(4), which allows for jurisdiction over defendants who "derive substantial revenue from services, or things used or consumed in the State." This is particularly germane to this case because Defendant Ross, in his Affidavit supporting his jurisdictional dismissal motion in Pennsylvania, acknowledged that he was the creator of products that were sold by a "third party entity" (presumably to the entire globe, as no geography was specified). While that set of facts may be sufficient to avoid Pennsylvania jurisdiction, it would **confer** jurisdiction in Delaware under Del. Title 10 §3104(c)(4) because it is an admission that Defendant Ross derives substantial revenue from products used within the State.

3. **Stream Of Commerce.** In Boone v. Oy Partek Ab, 724 A.2d 1150, 1158 (Del. Super. Ct. 1997)) that court held that jurisdiction in Delaware is proper if/when "the defendant [has] an '***intent or purpose to serve the Delaware market*** with their [sic] product.'"

4. **Vicarious Liability.** Internet affiliates are commissioned salespeople for the products they endorse. Defendants Straightforward and LTSC have an internet affiliate partnership, whereby Defendant LTSC, a Delaware corporation, receives a commission (percentage) of sales of Speed Seduction products made through the LTSC website. Applied to jurisdiction, this would make companies with Delaware affiliates subject to "vicarious jurisdiction."

3

### D. Local Rule 7.1.1

Local Rule 7.1.1 in this federal jurisdiction requires "a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with the opposing attorneys [or self-represented parties] on the matters set forth in the motion.

### III. ARGUMENT

### A. The Motion For Sanctions Should Be Stricken For Failure To Comply With Rule 11(c)(1).

Rather than follow procedure, Defendant has instead attempted to "work the referee" the way an NFL coach might attempt with sideline banter during the game, rather than follow established protocols for challenging a ruling. In this case, the motion for sanctions was 1) not first served upon Plaintiff, 2) did not specify the conduct Defendant(s) consider sanctionable, and 3) was not filed separately. Additionally, 4) no concurrence was sought prior to its filing pursuant to Local Rule 7.1.1.

Defendant's motion for sanctions itself is a violation of Rule 11, as it was filed improperly, with no foundation in law, and in bad faith.

### B. This Case Should Not Be Stayed Due To Different Facts, Additional Defendants, Different Rules, And The Dismissal In Pennsylvania.

Defendants' conduct has been ongoing and persistent. It is not a one-time incident with a fixed time period, but rather the conduct continues to this day, and in some cases has exacerbated. Recently, Plaintiff has been threatened repeatedly by several of the named operatives in this case, including Odious and Alex Kaufmann, whom Plaintiff has strong reason to believe are acting on behalf of the named Defendants. The anonymous remailers are still being used to defame and harass Plaintiff as outlined in the Amended Complaint; the "Editorial Staff" recently made a death threat against him on USENET, and "Odious" has told several lies about Plaintiff recently, including a claim that Plaintiff was violating laws he had not violated,

4

and that if he was not careful, he might "land [his] mother in Gitmo." Thom E. Geiger, a defendant in Pennsylvania but not here, has taken it upon himself to repeatedly harass and threaten Plaintiff, accuse him of committing perjury when he did no such thing, and repeatedly and publicly threatening malicious civil prosecution. Several operatives have also made threats against Plaintiff that they intend to "seize his computer" by obtaining (or purchasing) legal judgments against him, without actually filing anything to which Plaintiff could respond or take action over himself.

Other new facts include new statements by Defendant LTSC, continued publication of the "ASF FAQ" document cited in the Complaint, and specific statements concerning Plaintiff and the creation of the LTSC message boards which themselves are actionable separately.

If Defendant LTSC truly wanted to cut its costs, it would not leave open the potential for multiple litigations that its conduct to date has caused. It would seek to try the case on the merits rather than technicalities, and it would not continue to engage in new actionable conduct, while providing new evidence of jurisdiction in Pennsylvania that could give rise to future actions even if the old actions are not revived upon appeal. The Pennsylvania case is closed until the appellate court says otherwise. Even to that extent, however, Plaintiff has not named Defendant Geiger in this action because the Delaware and Pennsylvania rules would govern him equally, and Plaintiff was relying solely upon 18 USC §1965(b) for jurisdiction. With the other overlapping defendants, however, each one derives substantial revenue from products used in Delaware, or is part of a Delaware corporation, which means that jurisdiction in Delaware is proper where it might not be in Pennsylvania.

C. **Defendant LTSC's Letter of August 8, 2006 Was A Disguised Pleading That Should Be Stricken From The Record.**

In its letter of August 8, 2006 to the Judge in this case, Defendant LTSC's counsel took several "off the record" swipes at Plaintiff, mostly relating to the dismissal of the Pennsylvania case, and the fact that he is *pro se* in this case. The "additional information" the letter purported to offer should have been filed as a case status report or a supplemental pleading to its motion. Consequently, the letter should be disregard.

D. **Defendants Did Not Seek Concurrence.**

Defendants did not seek concurrence pursuant to Local Rule 7.1.1 prior to filing its motion, which should therefore be denied on these grounds.

E. **It Is In The Public Interest To Expedite This Action, And Failure To Do So Would Prejudice Plaintiff.**

Both the Lanham Act and antitrust laws provide for individual causes of civil action as a recognition that these Plaintiffs are serving the public interest by filing suit, and are given what is known as "private attorney general" status. Justice delayed is justice denied in this case, because if Plaintiff's allegations are true, which they must be treated as for the purposes of a motion to dismiss, Defendants are racking up thousands or even millions of dollars in profits from the fastest-growing industry on the internet, one which has been covered extensively in the media (through books like *The Game* and thousands of related articles about the "gurus").

Plaintiff has already been severely prejudiced by Defendants' stalling tactics. Defendant claims to want to cut costs, yet at every turn has taken steps to increase them. It should not be lost on this court that if Plaintiff were using an attorney, it would be *his* costs that were inflated by Defendants' tactics, as he would be required to pay substantial legal fees to clear every preliminary obstacle. That this strategy does not work on Plaintiff should not be held

6

against him; it is he, not the Defendants, who want a speedy trial on the merits here, and who will be prejudiced fatally if he is not provided one.

## CONCLUSION

For the reasons set forth herein, the instant motion should be **denied**. An appropriate form of order is attached.

This the 23rd day of August, 2006.

*[signature]*

Gordon Roy Parker
Plaintiff, Pro Se
4247 Locust Street, #806
Philadelphia, PA  19104
(215) 386-7366
GordonRoyParker@aol.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| GORDON ROY PARKER, a.k.a. Ray Gordon, d/b/a Snodgrass Publishing Group, | : |  |
|---|---|---|
| Plaintiff, | : |  |
| v. | : | **CASE NO.: 06-cv-229** |
| Learn The Skills Corp., et al. | : | **Judge: SLR** |
| Defendants. | : |  |

## ORDER

AND NOW, this ____ day of _____, 2006, in consideration of **Defendants' Motion To Stay Or Dismiss,** and all responses thereto, the motion is **denied.**

A scheduling order will follow this ruling.

SO ORDERED.

_____
J.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**, <br><br> Plaintiff, <br><br> v. <br><br> **Learn The Skills Corp.**, et al. <br><br> Defendants. | **CASE NO.: 06-cv-229** <br><br> **Judge: SLR** |

## CERTIFICATE OF SERVICE

I, **Gordon Roy Parker,** Plaintiff in the above styled action, hereby certify that I have served a true and correct copy of the foregoing **Plaintiff's Opposition to Defendants' Motion To Stay Or Dismiss** on all defendants' counsel by **regular mail**, as follows:

| | | |
|---|---|---|
| **David L. Finger** <br> Finger & Slanina, LLC <br> One Commerce Center <br> 1201 Orange Street, Suite 725 <br> Wilmington, DE 19801-1155 <br> Attorney For Defendants LTSC, <br>  Ross, And Straightforward | **Ray Devans** (one copy) <br> **Jay Valens** (one copy) <br> Learn The Skills Corp. <br> 955 Massachusetts Avenue, #350 <br> Cambridge, MA 02189 <br> Additional Defendants | Allen "Gunwitch" Reyes <br> 123 South Laguna Street <br> Klamath Falls, OR 97601 <br> Pro Se Defendant |
| **Michael "Miguel" Marcos** <br> 14200 Beachmere Drive <br> Chester, VA 23831 <br> Pro Se Defendant | **Mystery Method Corp.** (one copy) <br> **Erik von Markovic** (one copy) <br> 1564 Pacific Beach Drive <br> San Diego, CA 92109 <br> Additional Defendants | |

This the 23rd day of August, 2006.

_____
Gordon Roy Parker
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 386-7366
GordonRoyParker@aol.com
Plaintiff, Pro Se