IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**, <br><br> Plaintiff, <br><br> v. <br><br> **Learn The Skills Corp.**, et al. <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : **CASE NO.: 06-cv-229** <br> : <br> : **Judge: SLR** <br> : <br> : |

## PLAINTIFF'S OPPOSITION TO DEFENDANT REYES'S MOTION TO DISMISS

Plaintiff submits this opposition to Defendant Reyes's motion to dismiss this action, and in support thereof, sets forth the following:

1. Defendant Reyes did not include a Certificate of Service and should be stricken from the record.

2. The motion was not made in proper form, and is difficult if not impossible to fully comprehend.

3. No affidavits were provided in support of Defendant's claims, including those regarding jurisdiction.

WHEREFORE, Defendant's motion should be **denied**. A Memorandum is attached, which is incorporated by reference as if fully set forth verbatim here. An appropriate form of order is also attached.

This the 23rd day of August, 2006.

*/s/ Gordon Roy Parker*

Gordon Roy Parker
Plaintiff, Pro Se
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 386-7366
GordonRoyParker@aol.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| GORDON ROY PARKER, a.k.a. Ray Gordon, d/b/a Snodgrass Publishing Group,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>Learn The Skills Corp., et al.<br><br>　　　　　　　　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CASE NO.: 06-cv-229**<br><br>**Judge: SLR** |
|---|---|---|

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION
TO DEFENDANT REYES'S MOTION TO STAY OR DISMISS**

Plaintiff submits this memorandum in support of his opposition to the instant motion.

### I.　DEFENDANT REYES'S STATEMENT OF FACTS

1. Defendant Reyes ("Gunwitch") states in his motion that he is a "lifelong resident of Oregon" and that he "has never had any continuous and systematic contacts with the State of Delaware. He has no employees or agents present in the State of Delaware, has no telephone listings in Delaware, does not directly advertise in Delaware, and neither owns nor leases real or personal property in "Delaware." While this all may be true (though Defendant Reyes's advertising does not exclude Delaware residents), it does not address the grounds upon which Plaintiff claims jurisdiction, Title 10, §3102, for selling products to Delaware residents, and for deriving revenue from products consumed in the state. Defendant Gunwitch sells his e-book *Dynamic Sex Life* over the internet, does not exclude Delaware residents from purchase or consumption, and he engages in extensive marketing through the #PUA chat channel on the Internet Rely Channel ("IRC"), as well as sending newsletters that do not exclude Delaware residents.

2. Defendant's claim that he "has benefited from no substantial amount of sales conducted in Delaware" is incorrect, by his own words. He further states that *"one single buyer (far less than 1% of total lifetime of product sales)* of his electronic book "Dynamic sex life" has happened to be a resident of the state of Delaware. This profit from said sale was [$17.90] lifetime sales from the state of Delaware." Aside from this being an admission to having made sales directly to Delaware, Defendant Gunwitch's response is disingenuous in that he has not clarified that he would even know who has purchased his books and where they live, as this information is not always required in e-commerce.

3. Defendant Reyes states that he "does not attempt to solicit business specifically from individuals **and companies** residing in Delaware. In his entire lifetime, the defendant personally has not resided in or traveled within the state of Delaware, and **he does not have business associates** or friends or family he is aware of **who reside in Delaware**." (emphasis added)." This averment is disingenuous at best, and an outright lie at worst: Defendant's entire business was build more or less through marketing on the website of Defendant Learn The Skills Corp. ("LTSC"), a **DELAWARE** corporation, who is also an affiliate of Dynamic Sex Life, and who receives a "substantial" commission for every referral sale generated. This is not a traditional advertising relationship, as it is based not on a "rate card" but rather direct sales commissions to a website that picks and chooses its advertisers. Made under oath, Defendant Reyes's claim would constitute perjury, as he is well aware of his relationship with Defendant LTSC, and the fact that they are a Delaware corporation.

4. Defendant Reyes claims that "there is nothing about [his] website or its contents which would attract particular attention from residents of Delaware." Aside from being unsupported by affidavits, this claim also neglects the publication of the "Gunwitch Guide Pre-

Release" on the LSTC website, at http://gunwitch.fastseduction.com. Following is a screenshot from that page, which shows direct publication by Defendant of his copyrighted work to a website owned and operated by a Delaware corporation:



## II. LEGAL STANDARD

### A. Legal Standard For Jurisdiction.

1. **Transacting Business In Delaware.** Jurisdiction in Delaware is conferred under Title 10 §3104(c)(1-2), which state that jurisdiction is proper over a company that 1) "Transacts any business or performs any character of work or service in the State" (§3104(c)(1)) or 2) Contracts to supply services or things in this State (§3104(c)(2)).

2. **Delaware's Long-Arm Statute.** Delaware's jurisdictional requirements are far more liberal, such as Title 10, §3104(c)(4), which allows for jurisdiction over defendants who "derive substantial revenue from services, or things used or consumed in the State." This is particularly germane to this case because Defendant Ross, in his Affidavit supporting his jurisdictional dismissal motion in Pennsylvania, acknowledged that he was the creator of products that were sold by a "third party entity" (presumably to the entire globe, as no geography was specified). While that set of facts may be sufficient to avoid Pennsylvania jurisdiction, it would **confer** jurisdiction in Delaware under Del. Title 10 §3104(c)(4) because it is an admission that Defendant Ross derives substantial revenue from products used within the State.

3. **Stream Of Commerce.** In Boone v. Oy Partek Ab, 724 A.2d 1150, 1158 (Del. Super. Ct. 1997)) that court held that jurisdiction in Delaware is proper if/when "the defendant [has] an '*intent or purpose to serve the Delaware market* with their [sic] product.'"

4. **Vicarious Liability.** Internet affiliates are commissioned salespeople for the products they endorse. Defendants Straightforward and LTSC have an internet affiliate partnership, whereby Defendant LTSC, a Delaware corporation, receives a commission (percentage) of sales of Speed Seduction products made through the LTSC website. Applied to jurisdiction, this would make companies with Delaware affiliates subject to "vicarious jurisdiction."

4. **RICO's Provision For Nationwide Service of Process.** Under 18 USC §1965(b), a RICO defendant need have only "minimum contacts" with the United States for any of its courts to have jurisdiction. This is known as the "nationwide service of process" provision.

5. **Supplemental Jurisdiction.** 28 USC §1367 provides for supplemental jurisdiction in diversity cases. The US Supreme Court has held that if federal diversity

4

jurisdiction existed as to at least one claim, the court could exercise supplemental jurisdiction over all other claims between the parties in the litigation. Mineworkers v. Gibbs, 383 U.S. 715 (1966).

**B.     Legal Standard For A Motion To Dismiss.**

**1.     General.** When considering a motion to dismiss for failure to state a claim for relief under Fed.R.Civ.P. 12(b)(6), the Court will only dismiss a claim if it is clear that the plaintiff could prove no facts which would entitle plaintiff to relief under the law. (Jenkins v. McKeithen, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. (Shipp v. McMahon, 234 F.3d 907, 911; Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir.), *cert. denied,* 476 U.S. 1159, 106 S. Ct. 2279, 90 L.Ed.2d 721 (1986).) This is a very low standard for surviving a 12(b)(6) motion.

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." (Shipp, 234 F.3d 907, 911 (5th Cir. 2000); *cert. denied* _U.S._, 121 S. Ct. 2193, 149 L.Ed.2d 1024 (2001)(quoting Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)).

This strict standard of review under Rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." (5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* §1357 (2nd ed. 1990)).

**2.     Motion To Dismiss For Lack of Jurisdiction.** A court may consider the allegations in the complaint to be true "unless controverted by the defendant['s] affidavits."

Catalina Mktg. Int'l, Inc. v. Coolsavins.Com Inc., Civ. A. No. 00-2447, 2003 WL 21542491, at *1 (N.D. Ill. July 3, 2003).

### III. ARGUMENT.

**A.   Defendant's Motion For Lack Of Jurisdiction Is Fatally Flawed.**   1/.1.

    **1.   Defendant Has Extensive Contacts With Delaware.** As set forth in paragraph II above, Defendant Gunwitch is in partnership with Defendant LTSC, a Delaware corporation. His content is licensed to the LTSC website, and LTSC makes many commissioned sales on behalf of Defendant Gunwitch, for which it receives a substantial affiliate commission.

    **2.   The Motion Has No Evidentiary Support.** As noted in Catalina, or many other precedents in the Third Circuit – see, e.g., Toys "R" US, Inc., v. Step Two, S.A., 318 F.3d 446 (3d Cir. 2003) – Defendant Reyes is required to present **evidence** rather than conclusory allegations to support his motion to dismiss for lack of jurisdiction. No affidavit was attached to his motion, so there is nothing for Plaintiff to refute.

    **3.   Defendant's Factual Averments Are Irrelevant Or Inaccurate.** Defendant Reyes claims to have no contacts with or more than one sale to Delaware, yet he does most of his business through commissioned sales of his product by Defendant LTSC, his affiliate and a Delaware corporation, and he licenses his content for publication to the LTSC website, not as a message board posting, but as hosted content.

    **4.   Defendant's Own Averments Admit Facts Which Support Jurisdiction.**

Defendant Reyes admits to having sold his books to a Delaware resident. He also has not excluded Delaware residents from the purchase or use of his products. This confers jurisdiction as per Boone under the stream-of-commerce theory, but also confers it under

6

§3104(c)(1) and §3104(c)(2), because they are direct sales to the State, and business which is transacted by Defendant in the State.

   5.   **Defendant Is Subject To Multiple Grounds Of Jurisdiction.**

In its motion, Defendant has not cited the several grounds for jurisdiction noted by Plaintiff as set forth in subparagraph (2) above. Plaintiff therefore has nothing to argue against, and his jurisdictional claims should be considered unopposed to the extent Defendant Reyes did not address them here.

   B.   **This Court Has Jurisdiction Over The Tortious Interference Claim, And Supplemental Jurisdiction Over The Other Claims.,**

Defendant Reyes, in paragraph II of his Motion (p. 3), claims that he "has no persistent course of conduct in the State of Delaware and has not derived substantial revenue from services or things used in the state." Plaintiff has already argued convincingly in favor of several grounds for jurisdiction and restates those claims here, relating to the partnership with LTSC (with sales of his products even to nonresidents being made on his behalf by a Delaware corporation), the hosted content.

In paragraph III of his motion, Defendant Reyes claims that under §3104(j), "only tortious interference is enumerated" in §3104, and therefore, this is the only claim for which jurisdiction could apply. This appears to be a misconstruction of the statute's use of the word "tortious," as there are no explicitly "enumerated acts," such as with RICO's predicate acts. The "enumerated acts" refer to **any** actionable conduct for which jurisdiction is asserted under this section. Therefore, §3104(j) does not preclude long-arm jurisdiction for any civil action in Delaware. To the extent this might somehow be true, the court would still have supplemental jurisdiction under 28 USC §1367.

**B.   There Is No Argument/Support For Defendant's Motion Based On Failure To State A Claim.**

As Defendant Reyes has provided no Memorandum or other support of his arguments relating to his allegation that Plaintiff has failed to state a claim upon which relief could be granted, Plaintiff again has nothing to argue against, nor is he put on notice regarding how Defendant considers his pleading to be defective.

## CONCLUSION

For the reasons set forth herein, the instant motion should be **denied**. An appropriate form of order is attached.

This the 23rd day of August, 2006.

*/s/ Gordon Roy Parker*

Gordon Roy Parker
Plaintiff, Pro Se
4247 Locust Street, #806
Philadelphia, PA  19104
(215) 386-7366
GordonRoyParker@aol.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| GORDON ROY PARKER, a.k.a. Ray Gordon, d/b/a Snodgrass Publishing Group,<br><br>Plaintiff,<br><br>v.<br><br>Learn The Skills Corp., et al.<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CASE NO.:** 06-cv-229<br><br>**Judge: SLR** |

## ORDER

AND NOW, this ____ day of _____, 2006, in consideration of **Defendants' Motion To Stay Or Dismiss,** and all responses thereto, the motion is **denied.**

A scheduling order will follow this ruling.

SO ORDERED.

                                                                                                                                              _____

                                                                                                                                             J.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| GORDON ROY PARKER, a.k.a. Ray Gordon, d/b/a Snodgrass Publishing Group,<br><br>                                              Plaintiff,<br>v.<br><br>Learn The Skills Corp., et al.<br><br>                                              Defendants. | CASE NO.: 06-cv-229<br><br>Judge: SLR |

## CERTIFICATE OF SERVICE

I, **Gordon Roy Parker**, Plaintiff in the above styled action, hereby certify that I have served a true and correct copy of the foregoing **Plaintiff's Opposition to Defendant Reyes's Motion To Dismiss** on all defendants' counsel by **regular mail**, as follows:

| | | |
|---|---|---|
| **David L. Finger**<br>Finger & Slanina, LLC<br>One Commerce Center<br>1201 Orange Street, Suite 725<br>Wilmington, DE 19801-1155<br>Attorney For Defendants LTSC,<br>  Ross, And Straightforward | **Ray Devans** (one copy)<br>**Jay Valens** (one copy)<br>Learn The Skills Corp.<br>955 Massachusetts Avenue, #350<br>Cambridge, MA 02189<br>Additional Defendants | Allen "Gunwitch" Reyes<br>123 South Laguna Street<br>Klamath Falls, OR 97601<br>Pro Se Defendant |
| **Michael "Miguel" Marcos**<br>14200 Beachmere Drive<br>Chester, VA 23831<br>Pro Se Defendant | **Mystery Method Corp.** (one copy)<br>**Erik von Markovic** (one copy)<br>1564 Pacific Beach Drive<br>San Diego, CA 92109<br>Additional Defendants | |

This the 23rd day of August, 2006.

_____
Gordon Roy Parker
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 386-7366
GordonRoyParker@aol.com
Plaintiff, Pro Se