IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GORDON ROY PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-229 SLR |
| | ) | |
| LEARN THE SKILLS CORP., *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DEFENDANTS LEARN THE SKILLS CORP., PAUL J. ROSS STRAIGHTFORWARD, INC., JAY VALENS AND RAY DEVANS (I) IN OPPOSITION TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY OR DISMISS, TO DEFER BRIEFING, AND FOR SANCTIONS, AND (II) IN OPPOSITION TO PLAINTIFF'S MOTION TO CONDUCT JURISDICTIONAL DISCOVERY**

1. In order to understand this procedural quagmire, defendants must re-state the history of this litigation. Plaintiff, acting *pro se,* originally filed suit against defendant Learn The Skills Corp. ("LTSC") and others in the U.S. District Court for the Eastern District of Pennsylvania, Civil Action No. 05-cv-2752 (the "Pennsylvania Action"). After having the Complaint dismissed repeatedly for failure to provide a plain, simple statement as required by Federal Rule of Civil Procedure 8, the Complaint was dismissed as to LTSC for lack of personal jurisdiction (other defendants were dismissed for other reasons).

2. Plaintiff responded to the dismissal by (i) filing a motion for reconsideration of the dismissal, (ii) filing an appeal to the U.S. Court of Appeals for the Third Circuit, and (iii) filing the present action in this Court, asserting many of the same claims.

3. On April 28, 2006, defendants LTSC, Straightforward, Inc. and Paul J. Ross filed a motion to dismiss for failure to state a claim and for lack of personal jurisdiction, to

stay pending resolution of the Pennsylvania Action, and to defer briefing on the dismissal motions pending resolution of the Pennsylvania Action. (D.I. 6). Plaintiff filed an answering brief on May 11, 2006 (D.I. 8), and a reply brief was filed on May 18, 2006. (D.I. 9).

4.      On July 12, 2006, plaintiff filed a motion to vacate the judgment in the Pennsylvania Action. That motion was denied by memorandum opinion and order dated August 2, 2006, a copy of which was submitted to this Court on August 8, 2006. (D.I. 13).[1] On August 11, plaintiff amended his Notice of Appeal to the Third Circuit to include the denial of the motion for reconsideration. On August 14, 2006, plaintiff filed a motion for reconsideration of the denial of the motion to vacate judgment. That motion is pending.

5.      Meanwhile, in this Court, on July 31, 2006, plaintiff filed a 72-page Amended Complaint in the present action, adding several new defendants. (D.I. 11). On August 8, 2006, defendants LTSC, Straightforward, Inc. and Paul J. Ross filed an Amended Motion to Dismiss. (D.I. 12). They did not file a new opening brief, but simply incorporated the previously-filed brief by reference in their motion.

6.      Service on defendants "Valens" and "Devans"[2] was only recently attempted, and they are filing today a motion to dismiss, joining with the previous motion to dismiss but adding as a separate ground for dismissal insufficiency of service of process.

---

[1] In his submission, plaintiff accuses Defendants of violating the Court's chambers procedure by submitting that letter. However, since the letter merely informed the Court of proceedings in the Pennsylvania Action, and did not make any legal arguments on the motion pending before the Court, Defendants respectfully submit that there was no violation.

[2] "Valens" and "Devans" are psudonyms. Given a legitimate concern of harassment by Parker, Valens and Devans are proceeding for the time being under those names.

7.  Although defendants did not file a new brief with legal argument, much less argument on the issues of jurisdiction and sanctions, plaintiff has now taken the opportunity to file an "opposition," making legal arguments on the issues of jurisdiction and sanctions. (D.I. 16). His "opposition" is procedurally improper. The procedure (for plaintiff's benefit) is that there is an opening brief by the movant, and answering brief by the respondent, and a reply brief by the movant. Local Rule 7.1.2  The purpose of an answering brief is to respond to arguments made by the movant in the opening brief.  Here, plaintiff is not responding to arguments set forth by defendants.  Instead, he is attempting to make his case affirmatively.  Until such time as briefing begins on the dismissal motions, plaintiff's arguments are premature, and his "opposition" should be held in abeyance, if not stricken from the record altogether.

8.  Similarly inappropriate is plaintiff's motion to conduct jurisdictional discovery, filed on August 24, 2006. (D.I. 15). Putting aside the implicit mission that he currently has no basis for the assertion of jurisdiction over the nonresident defendants, the Court should not consider whether jurisdictional discovery is appropriate until there is briefing on the issue of subject matter jurisdiction.  Defendants expect to brief these issues promptly if the Third Circuit affirms the dismissal of the Pennsylvania Action.  Until such time, however, further briefing is simply a waste of judicial and litigant resources.  Plaintiff, acting *pro se*, and apparently with much time on his hands, is indifferent to the burdens he is placing on the court and the parties as a result of his repetitive and improper filings.  The Court should hold plaintiff's motion to take jurisdictional discovery in abeyance, if not strike it altogether from the record.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, defendants Learn The Skills Corp., Straightforward, Inc., Paul J. Ross, Jay Valens and Ray Devans respectfully request that the Court either (i) strike docket items 15 and 16 from the record as improperly filed, or else (ii) hold plaintiff's motions in abeyance pending resolution of the previously filed motion in this Court and plaintiff's appeal of the Pennsylvania Action.

Dated: August 30, 2006

Respectfully submitted,

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for defendants Learn the Skills Corp., Paul J. Ross, Straightforward, Inc., Jay Valens and Ray Devans

## CERTIFICATE OF SERVICE

  I, David L. Finger, hereby certify that on this 30th day of August, 2006, I caused two copies of the foregoing document to be served via first class mail, postage prepaid, on the below-listed party:

    Gordon Ray Parker, *pro se*
    4247 Locust Street, #806
    Philadelphia, PA 19104

    /s/ David L. Finger
    David L. Finger (DE Bar ID #2556)
    Finger & Slanina, LLC
    One Commerce Center
    1201 Orange Street, Suite 725
    Wilmington, DE 19801-1155
    (302) 884-6766