

# FINGER & SLANINA, LLC
## ATTORNEYS AT LAW

David L. Finger, Resident, Wilmington Office:
One Commerce Center, 1201 Orange St., Suite 725
Wilmington, Delaware 19801-1155
Ph: (302) 884-6766 | Fax: (302) 984-1294
E-mail: dfinger@delawgroup.com
www.delawgroup.com

March 5, 2007

**Via e-filing and hand delivery**
The Hon. Sue L. Robinson
U.S. District Court for the District of Delaware
844 N. King St., Lock Box 31
Wilmington, DE 19801

Re:  **Parker v. Learn The Skills Corp.,** *et al.* C.A. No. 06-229 SLR

Dear Judge Robinson:

I represent defendants Learn The Skills Corp., Paul Ross and Straightforward, Inc. (collectively, "Defendants"). This letter is to provide the Court with additional information regarding recent developments in the above-referenced action.

To respectfully remind the Court, on April 2, 2006, the plaintiff filed the above-referenced action after having a similar action, which was filed in the U.S. District Court for the Eastern District of Pennsylvania (the "Pennsylvania Action"), dismissed for lack of personal jurisdiction (defendant Straightforward, Inc. was not a party to that action). At the same time as he filed the present action, he filed an appeal of the Pennsylvania Action to the U.S. Court of Appeals for the Third Circuit.

On April 28, 2006, Defendants filed a motion to dismiss for lack of personal jurisdiction and for failure to state a claim, and also requested a stay pending resolution of the Third Circuit appeal, along with a supporting opening brief. In that opening brief, Defendants focused exclusively on the motion to stay, indicating that in the event the Third Circuit affirmed the decision of the lower court, Defendants would promptly thereafter file a brief on the jurisdictional and pleading issues.

The plaintiff filed an amended complaint on July 31, 2006. The Defendants amended their motion to dismiss to relate to the amended complaint on August 8, 2006. The motion remains pending.

On March 21, 2006, the Third Circuit affirmed the decision of the lower court dismissing that action. A true and correct copy of decision is enclosed herewith.

The Hon. Sue L. Robinson
March 5, 2007
2

      In light of this development, the motion to stay is now moot, and Defendants intend to file their opening brief in support of their motion to dismiss on March 16, 2007, ten business days from the date of the Third Circuit's decision, if this is acceptable to the Court.

      As always, I am available at the convenience of the Court to answer any questions Your Honor may have.

Respectfully,

David L. Finger<br>
(DE Bar ID #2556)

cc:    Clerk of the Court (via CM/ECF)
       Gordon Roy Parker, *pro se* (via first class mail)
       Allen Reyes, *pro se* (via first class mail)

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 06-2246 & 06-4166 (Consolidated)
_____

GORDON ROY PARKER, doing business as SNODGRASS
PUBLISHING GROUP also known as RAY GORDON

v.

LEARN THE SKILLS CORP.; FORMHANDLE@FASTSEDUCTION.COM;
THOM E. GEIGER; PAUL ROSS also known as ROSS JEFFRIES
also known as EROSLA77@AOL.COM; TRUSTEES OF
UNIVERSITY OF PENNSYLVANIA; MATTHEW S. WOLF, ESQ.

Gordon Roy Parker,
     Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-02752)
Chief District Judge: Honorable Harvey Bartle III
_____

Submitted Under Third Circuit LAR 34.1(a)
February 26, 2007

BEFORE: McKEE, AMBRO and STAPLETON, CIRCUIT JUDGES

(Filed March 2, 2007)

_____

OPINION
_____

PER CURIAM

  Gordon Roy Parker, acting pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his complaint for failing to state a claim upon which relief can be granted against two defendants and for lack of personal jurisdiction over the remaining defendants. In a separately filed appeal, he seeks review of the District Court's denial of his motion for reconsideration and motion to vacate judgment. These appeals have been consolidated for all purposes.

  Parker's complaint alleges that defendants belong to a criminal enterprise designed to control the market for online advice about how to seduce women. As described more fully in the District Court's opinion and in painstaking detail in Parker's amended complaint, defendants allegedly diverted traffic from a public online "USENET" group to a private online discussion forum that they controlled, harassed plaintiff and attempted to undermine his reputation, and hindered his attempts to defend himself against these attacks. Parker alleges that these actions violated, inter alia, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), federal antitrust statutes, and state common law prohibitions on civil conspiracy, abuse of process, and fraudulent misrepresentation.

  We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We undertake plenary review of the District Court's dismissal under Rule 12(b)(6), accepting as true all factual allegations in the complaint and viewing them in the light most favorable to the non-moving party. See AT&T Corp. v. JMC Telecom, LLC, 470 F.3d 525, 529 (3d Cir.

2006). Our review of the District Court's rulings on personal jurisdiction is likewise plenary, except to the extent that they involved factual findings, which are reviewed for clear error. See Pennzoil Prods. Co. v. Colelli & Assocs., Inc. 149 F.3d 197, 200 (3d Cir. 1998). We review the District Court's denial of reconsideration for abuse of discretion. See Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004).

The amended complaint fails to state a claim upon which relief may be granted against defendant Matthew Wolf. The RICO, civil conspiracy, and abuse of process claims against him all rely on allegations that Wolf improperly moved to dismiss an earlier complaint filed in the Eastern District of Pennsylvania against many of the defendants involved in this case. Civ. No. 03-cv-06936. We agree with the District Court's conclusion that the challenged behavior was properly within the scope of Wolf's representation of his clients, and that it fails to support either the federal statutory or state law tort claims against him. See Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297 (3d Cir. 2003).

The District Court also properly dismissed the claims that the Trustees of the University of Pennsylvania violated RICO and engaged in a civil conspiracy and fraudulent misrepresentation. These claims arise from the University's alleged refusal to disclose the identity of a student who Parker claims was involved in the plots against plaintiff. We essentially agree with the reasoning of the District Court. The conspiracy claim fails because the only alleged participants are the University and one of its employees, and absent narrow exceptions not present here, agents of an entity cannot

conspire with their employer.  See Gen. Refractories Co., 337 F.3d at 313-14.  Even if the fraudulent misrepresentation claim survived scrutiny under Fed. R. Civ. P. 9(b), the complaint fails to allege all the elements of the claim, notably justifiable reliance.  See, Porreco v. Porreco, 811 A.2d 566, 570-71 (Pa. 2002).  As the District Court described, Parker's RICO claim against the University is also fatally flawed.

       The District Court lacked personal jurisdiction over the remaining defendants.  None of these defendants resides in Pennsylvania or has a "continuous and substantial" connection to the state, and none has sufficient minimum contacts with Pennsylvania to "reasonably anticipate[] being haled into court there."  Pennzoil, 149 F.3d at 200-201 (citations omitted).  As explained by the District Court, the generalized allegations of defendants' contact with Pennsylvania contained in Parker's amended complaint and pleadings are insufficient to meet his burden of proof on the jurisdictional issue.  See Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66-67 (3d Cir. 1984).  Nor are they sufficient to make out a prima facie case that could justify jurisdictional discovery.  See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997).

       Finally, we find no abuse of discretion in the District Court's denial of Parker's motions for reconsideration and to vacate, which identified neither errors in the District Court's order nor any other basis to justify revisiting that order.

       Accordingly, we will affirm the order of the District Court.