

Not Reported in S.E.2d                                                                                                         Page 1

Not Reported in S.E.2d, 26 Va. Cir. 282, 1992 WL 884482 (Va. Cir. Ct.)
**(Cite as: Not Reported in S.E.2d)**

Eastern Direct Marketing v. The Coolidge Co.Va.Cir.Ct. 1992.
Circuit Court of Virginia, Arlington County.
Eastern Direct Marketing
v.
The Coolidge Co.
**LAW #90-926.**

February 4, 1992.

**\*1** This matter comes before the Court on defendant's Motion to Quash the Amended Motion for Judgment. The Court has heard oral argument on the matter and has received submissions from counsel.
William L. Winston, Judge.
The plaintiff, Eastern Direct Marketing Inc., is a Virginia corporation whose principal place of business is Falls Church, Virginia. The plaintiff is engaged in the business of mailing list management. The defendant, the Coolidge Co., is a New York corporation and is not authorized to transact business within the Commonwealth. In its Amended Motion for Judgment, the plaintiff alleges that on May 25, 1990, the defendant faxed a libelous memorandum from New York to various list vendors with whom the plaintiff had been dealing. Several of the vendors were located in Virginia. The plaintiff is seeking compensatory damages for business defamation and tortious interference with contractual relationships resulting from the publication of the memo.

As the defendant is a nonresident, the plaintiff is attempting to invoke the jurisdiction of this Court through the Virginia long-arm statute. The plaintiff served the defendant through the Secretary of the Commonwealth pursuant to Va. Code '8.01-329 which provides for service of process on a nonresident defendant when the exercise of personal jurisdiction is authorized by statute.

The defendant is moving to quash the Amended Motion for Judgment on the ground that the Court has no long-arm jurisdiction over the defendant. Without long-arm jurisdiction, service of process cannot be accomplished under '8.01-329.

When jurisdiction is sought under the long arm statute, the Court first examines whether jurisdiction is authorized under state law and then determines if the exercise of personal jurisdiction is consonant with due process. Peanut Corp. v. Hollywood Brands, 696 F. 2d 311 (4th Cir. 1982). If the provisions of the long arm statute are not met, the inquiry is at an end -- there is no personal jurisdiction. Processing Research v. Larson, 686 F.Supp. 119 (E.D.Va. 1988).

The statutory basis for personal jurisdiction in the present case is Va. Code '8.01-328.1(A) (4). The exercise of jurisdiction under this subsection requires a tortious injury in Virginia caused by an act or omission outside of Virginia and a relationship between the defendant and the Commonwealth which exists in any one of three ways as provided for by the code. Blue Ridge Bank v. Veribanc, 755 F.2d 371 (4th Cir. 1985).

The plaintiff has alleged tortious injury in Virginia caused by an act outside of Virginia, i.e. the fax of the memo from New York to various list vendors in Virginia. However, the plaintiff fails to specifically allege a relationship between the defendant and the Commonwealth.

In paragraph #2 of the Amended Motion for Judgment, the plaintiff alleges that the defendant, " regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from services rendered in the Commonwealth of Virginia." The plaintiff simply lifts this language from the code. The plaintiff never affirmatively asserts any facts which would support these allegations. The plaintiff's conclusory pleading does not satisfy the requirements for the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in S.E.2d                                                                                              Page 2

Not Reported in S.E.2d, 26 Va. Cir. 282, 1992 WL 884482 (Va. Cir. Ct.)
**(Cite as: Not Reported in S.E.2d)**

exercise of personal jurisdiction under the long-arm statute.

**\*2** The Court does not need to reach the due process aspect of the analysis. Because the requirements of the long arm statute '8.01-328.1(A)(4) are not met, there is no jurisdiction.

In the absence of facts supporting the exercise of jurisdiction under the long arm statute, service of process pursuant to '8.01-269 cannot be obtained. Therefore, the Court grants the defendant's Motion to Quash and allows the plaintiff leave to amend the Amended Motion for Judgment to include those facts which would establish a relationship between the defendant and the Commonwealth sufficient to sustain jurisdiction under ' 8.01-328.1 (A) (4). Counsel for the plaintiff will have 21 days from the date of the order to file a Second Amended Motion for Judgment.

Counsel for the defendant should prepare the order, obtain the appropriate signatures, and send it to me in chambers for entry.

Va.Cir.Ct. 1992.
Eastern Direct Marketing v. The Coolidge Co.
Not Reported in S.E.2d, 26 Va. Cir. 282, 1992 WL 884482 (Va. Cir. Ct.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.