IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GORDON ROY PARKER,<br>also known as RAY GORDON,<br>doing business as SNODGRASS<br>PUBLISHING GROUP,<br><br>    Plaintiff,<br><br>    v.<br><br>LEARN THE SKILLS CORP.,<br>JAY VALENS, a/k/a<br>formhandle@fastseduction.com,<br>STRAIGHTFORWARD, INC.,<br>PAUL ROSS, a/k/a ROSS JEFFRIES,<br>RAY DEVANS, a/k/a<br>tokyoPUA@fastseduction.com,<br>MIGUEL ANTHONY MARCOS, a/k/a<br>Sliek0722@aol.com,<br>MYSTERY METHOD CORPORATION,<br>d/b/a www.mysterymethod.com,<br>ALLEN REYES, a/k/a<br>Gunwitch and<br>ERIK VON MARKOVIC,<br>President, Mystery Method Corporation<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. No. 06-229-SLR |

**O R D E R**

At Wilmington this 30th day of March, 2007, having considered various pending motions and the papers submitted in connection therewith;

IT IS ORDERED that the motions[1] are denied for the reasons that follow:

1. **Background.** Pending before the court are multiple motions filed by the parties at bar who have a protracted and contentious litigation history that began in the Eastern District of Pennsylvania (the "Pennsylvania action").[2]

2. Pro se plaintiff Gordon Roy Parker ("Parker") brings this action against defendants Learn the Skills Corp. ("LTSC"), Jay Valens, a/k/a formhandle@fastseduction.com, Straightforward Inc, Paul Ross, a/k/a Ross Jeffries, Ray Devans, a/k/a tokyoPUA@fastseduction.com, Miguel Anthony Marcos, a/k/a Sliek0772@aol.com, Mystery Method Corporation, d/b/a www.mysterymethod.com, Allen Reyes, a/k/a and Erik von Markovic, President, Mystery Method Corporation.

---

[1] Specifically, the following motions are pending and reviewed herein: (1) Plaintiff's motion for discovery, D.I. 2; (2) Defendants' Learn the Skills Corp., Ross and Straightforward, Inc. motion to stay, D.I. 6; (3) Defendants' Learn the Skills Corp., Ross and Straightforward, Inc. amended motion to dismiss for failure to state a claim, D.I. 12; (4) Defendants' Learn the Skills Corp., Ross and Straightforward, Inc. motion to dismiss for lack of jurisdiction over the person, D.I. 12; (5) Defendants' Learn the Skills Corp., Ross and Straightforward, Inc. motion for sanctions, D.I. 12; (6) Defendants' Learn the Skills Corp., Ross and Straightforward, Inc. motion to stay the amended complaint, D.I. 12; (7) Pro se defendant Reyes' motion to dismiss based upon failure to state a legal cause of action and jurisdiction under Delaware' Long Arm Statute, D.I. 14; (8) Plaintiff's motion for discovery, D.I. 15; (9) Defendants' Devans and Valens motion to dismiss for insufficiency of service of process, D.I. 23; (10) Defendants' Devans and Valens motion to dismiss for failure to state a claim, D.I. 23; (11) Defendants' Devans and Valens motion to dismiss for lack of jurisdiction over the person, D.I. 23; and (12) Defendants' Devans and Valens motion to stay the amended complaint, D.I. 23.

[2] Plaintiff filed two related and similar actions. In the first, Parker v. Learn the Skills Corp., Civ. A. No. 03-6936, 2004 WL 2384993 (E.D. Pa. October 25, 2004), the court dismissed the complaint on December 3, 2004. The second action, Parker v. Learn the Skills Corp., et al, Civ. A. No. 05-2752, 2006 WL 759693 (E.D. Pa. March 23, 2006), was dismissed for, inter alia, lack of personal jurisdiction over some of the defendants and for failure to state a claim. Plaintiff appealed to the United States Court of Appeals for the Third Circuit and, on March 2, 2007, the Court affirmed. Parker v. Learn the Skills Corp., 2007 WL 625635 (3d Cir. March 2, 2007).

(D.I. 1, 11)  Plaintiff alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, et seq., the Lanham Act, 15 U.S.C. 1125(a), the Sherman Antitrust Act, 15 U.S.C. § 1, et seq. , the Clayton Act, 15 U.S.C. § 12 and state law claims of defamation, tortious interference and civil conspiracy.

3. Plaintiff and defendants are competitors in the "seduction business", which includes a "group of men who, through the internet, teach other men how to improve their results with women, and often profit from this." (D.I. 11 ¶ 21)  This is, allegedly, a profitable business where competing types and theories of seduction methods are posted as self-help advice for sale.  Plaintiff began speaking "the truth" over the [I]nternet in 1998; recently, "the number of seduction gurus" has grown and "is well into the hundreds now, and the customer base is well into the millions . . . ." (Id. at ¶ 27) The parties post messages on USENET which distributes the messages to subscribers.[3] (Id. at ¶ 22)  Plaintiff avers that because USENET "has no owner and it's therefore not the property of any individual ISP or website," seduction gurus can post without restriction of free speech and can "speak the truth" about women from a male's point of view. (Id. at ¶ 24)

4. In his 72 page amended complaint, plaintiff alleges defendants operated an Internet-based RICO enterprise known as "Seduction Mafia" that was designed to control the flow of revenue from commerce concerning "alt.seduction.fast" ("ASF") USENET group.  Specifically, he avers that defendants: (1) posted derogatory and

---

[3] A "USENET group is apparently an Internet-based, topical online discussion forum that loosely resembles an electronic bulletin board." Parker v. Learn the Skills Corp., et al, Civ. A. No. 05-2752, 2006 WL 759693 fn.1 (E.D. Pa. March 23, 2006)

3

hostile comments about him on USENET; (2) instructed Internet users to use software to avoid messages and information generated by plaintiff; (3) invited readers interested in seduction informatin to visit a private, message board hosted by LTSC; (4) set up a "hate website" known as "RayFaq" that contains malicious and untrue information about plaintiff's mental health and writing abilities; (5) restrict advertising to only those approved by LTSC; and (6) created markets for seduction products but specifically prohibit anyone from dealing with plaintiff.

5. **Pending Motions**. The record reflects that, while the Pennsylvania action was proceeding in the district and then appellate courts, the defendants filed dispositive motions to dismiss in the case at bar, but delayed filing their supporting briefs pending a decision from the Third Circuit. (D.I. 12, 23) After the Third Circuit issued its decision, defendants filed, on March 16, 2007, an amended motion to dismiss for lack of personal jurisdiction and failure to state a claim. (D.I. 29) They filed their supporting brief contemporaneously. Although plaintiff has not filed opposition to the motion, the time period in which to do so has not yet expired. Considering this briefing history, defendants' prior motions to dismiss (D.I. 12, 23)[4] are denied as moot. Plaintiff shall file his opposition the amended motion to dismiss (D.I. 29) by April 30, 2007, and defendants shall file their reply by May 15, 2007.

6. Defendant Reyes has moved to dismiss for lack of personal jurisdiction, to which plaintiff has filed opposition and moved to conduct jurisdictional discovery. (D.I.

---

[4]Said motions include requests for multiple relief: motion for sanctions and motion to stay (D.I. 12); and the motion to dismiss for insufficiency of service of process, motion to dismiss for failure to state a claim, and motion to stay amended complaint (D.I. 23).

4

14, 16, 17) Plaintiff has also filed a motion to conduct jurisdictional discovery against the other defendants. (D.I. 15)

    7. A district court has discretion to allow discovery when considering a motion to dismiss for lack of personal jurisdiction. Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997). The scope of this discovery is within the court's discretion. Molnlycke Health Care AB v. Dumex Med. Surgical Prods, Ltd., 64 F. Supp.2d 448, 454 (E.D. Pa. 1999). Jurisdictional discovery "should be allowed unless the plaintiff's claim is 'clearly frivolous.'" Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d at 1042 (quoting Nehemiah v. The Athletics Congress, 765 F.2d 42, 48 (3d Cir. 1985)); Toys 'R' Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003) (citation omitted).

    8. It appears from the Pennsylvania case that plaintiff's claims are deficient in a number of ways. At this juncture, as the court attempts to coordinate the issues and move the case forward to resolution, the motions for jurisdictional discovery are denied as premature. (D.I. 15, 17) To that end, defendant Reyes' motion to dismiss for lack of personal jurisdiction is denied without prejudice to renew after the court considers defendants' motion to dismiss

    9. Plaintiff's motion for discovery is premature and, therefore, denied without prejudice after resolution of defendants' motion to dismiss. (D.I. 2)

    10. Defendants' motion to stay pending a decision by the Third Circuit is denied as moot. (D.I. 6)

_____
United States District Judge