Exhibit A

## IN THE U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT
## FROM THE U. S. COURT FOR THE EASTERN DIST. OF PA

### CASE NO.: 06-2246/06-4166

| | | |
|---|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a Snodgrass **Publishing Group,** | : : : : | **PRO SE APPELLANT** **IN FORMA PAUPERIS** **FILED UNDER PROTEST** |
| Plaintiff/Appellant, v. | : : : | **CONSOLIDATED APPEALS:** **#06-2246 and 06-4166** |
| **Learn The Skills Corp.**, et al. Appellees | : : : : | **District Court:** #05-cv-2752 **Hon. Harvey Bartle (E.D.Pa.)** |

## PETITION FOR PANEL AND EN BANC REHEARING

Gordon Roy Parker, **Appellant** in the above-styled civil action (Title

VII/ADA), submits this Petition For Panel and En Banc Rehearing.

Appellant:                          Appellees (see cert of service for contact info):

Gordon Roy Parker                   Learn The Skills Corp.
4247 Locust Street, #806            Formhandle@Fastseduction.com
Philadelphia, PA 19104              Thom E. Geiger, Pro Se
(215) 386-7366                      Paul Ross
**Appellant, Pro Se**               Trustees of the University of Pennsylvania
                                    Matthew S. Wolf, Esquire, Pro Se

FILED: Friday, March 16, 2007

·CONCLUSION ............................................................................................................. 8

CERTIFICATE OF SERVICE ................................................................Attachment

PANEL DECISION/JUDGMENT ...........................................................Attachment

EXHIBITS A-1 through A-3 (Death threats from Geiger)................................... End

## TABLE OF AUTHORITIES/CITATIONS

FRAP 35.1(b) ......................................................................................................... 1

FRCP 8(a)............................................................................................................ 1, 6

Toys "R" US, Inc., v. Step Two, S.A., 318 F.3d 446 (3d Cir. 2003)........................ 1

42 PA CSA §5322 et seq........................................................................................ 1

## STATEMENT OF APPELLANT/GROUNDS FOR PETITION

A. **Questions of Exceptional Importance.** Appellant expresses a reasonable belief that grounds exist under FRAP 35.1(b) for panel rehearing and/or rehearing en banc because the panel decision involves the following questions of exceptional importance:

1. Is Federal Rule 8(a)'s "short and plain" requirement unconstitutionally vague and overbroad, because it does not specify a page limit?

2. Do recent **public death threats** made against Plaintiff by Appellee/Defendant Thom E. Geiger constitute new evidence of fraud upon this court (related to his involvement, motive, and contacts with Pennsylvania) which was not previously available?

**B. Conflicts With Precedent.** Appellant further expresses the belief that the panel decision conflicts with the following binding precedent:

1. Toys "R" US, Inc., v. Step Two, S.A., 318 F.3d 446 (3d Cir. 2003). This decision grants liberal jurisdictional discovery once disputed by a Defendant. Plaintiff had outlined several grounds which either established jurisdiction outright or which merited discovery.

2. Pennsylvania's "Long Arm" Statute (42 PA CSA §5322 *et seq*). Plaintiff had alleged facts which clearly supported invocation of the long-arm statute, specifically the targeting of individuals in Pennsylvania with the intention

1

of interfering with Plaintiff's offline as well as online activities. The trial court abused its discretion.

C.  **Misappropriation Of Law/Overlooked Facts.**  Appellant further expresses a reasonable belief that the panel decision overlooked and/or misappropriated the following points of fact and law:

1.    The court ignored Defendant Ross's offering one-hour telephone consultations to residents of Pennsylvania who purchase his "Advanced Home Study Course." (JApp @ A-3).

2.    The court ignored Defendant LTSC's soliciting and receiving contributions from residents of Pennsylvania (JApp @ A-4), and further ignored later pleadings in which Plaintiff explained that Defendant Formhandle is an affiliate of several other seduction gurus, and gets paid sales commissions on products which are also sold to Pennsylvania residents (Japp@A11). Finally, Plaintiff discovered upon denial of his motion for reconsideration, evidence that Defendant LTSC was concealing its attempts to market its own product to residents of Pennsylvania by advising them to have third parties purchase it for them.

3.    The court ignored Defendant Geiger's literal cyberstalking of Plaintiff, and publication of a website on the ray-gordon.com domain designed to harm Plaintiff not only online, but offline as well, and which encouraged its readers to contact everyone from law enforcement to mental health agencies, to

2

news media and Plaintiff's employers or potential employers to "warn" them about him. As will be shown here, Defendant Geiger has felt so empowered by his victory in this court that he has felt empowered to go so far as to <u>publicly threaten</u> <u>to kill</u> Plaintiff on the very newsgroup he claimed he was not a part of until sued. His postings, and the premise he uses for them, show a clear intent to manipulate others and the system similar to the way he has manipulated this one.

    4.    The Panel stated that the claim against Defendant Penn lacked. "justifiable reliance." Appellant is arguing that since the statements were made under oath during a hearing in federal court, that not only did Plaintiff <u>rely</u> on those statements, he was bound to by the court. Otherwise, the Panel has effectively stated that its lower courts' own proceedings and evidence are not reliable, something that is obviously not the case since then the system would be unable to function as nothing would carry any legal weight.

    5.    The court ignored the <u>crime-fraud exception</u> that should have applied to Defendant Wolf's conduct in aiding and abetting a criminal enterprise, as well as the fact that he moved the court for "clients" he did not only not represent, but who are alleged co-conspirators of those he did represent.

## HISTORY OF THE CASE

    The history of this case was outlined in the Brief For Appellant. The only "new history" of this case deals with recent internet postings from Defendant

3

Geiger (attached hereto as Exhibits A1-A3).  Following are excerpts from the

three postings which included the following statements directed at Plaintiff:

> 1. *For whatever limited time you have left in this world, you need to remember, the first time you convince a person you're a threat to their family, and they're able to convince 12 people they'd feel the same way, you could be toast and they could walk.* (see Exhibit A-1)

> 2. *I bought a new gun, taught my family how to use it and alerted the local police about Parker's history of threatening children.* Parker, Speeding, Panda Joe, whatever name he's using, I don't like people threatening my family. "If it were legal" bullshit makes no difference to me. Illinois, Oklahoma, Alabama, Pennsylvania, Berlin, Tokyo, wherever, makes no difference. *In SEA, I killed enemy combatants in two countries. I will kill any asshole stupid enough to threaten my family's safety. That's a promise and a guarantee.*

> 3. *If I wanted to impress you, you'd be dead right now.*

>    > Ditto for your thinly veiled threats. (quoting "Speeding")

>    *What's veiled? I say it straight up. Anybody who's a threat to my family's safety will die. Plain and simple.*

As alleged, "painstakingly" as this court said, throughout the Brief for

Appellant, Defendant Geiger is the "enforcement arm" of the Seduction Mafia, in

addition to his function as "loose cannon" and "legal shield."  Believing himself to

be "in the clear" now, he has "let loose" on Plaintiff on USENET and the ASF

newsgroup, repeatedly accusing him of lying under oath, threatening him and his

family with legal action based on this false premise, and making multiple false

4

statements concerning Plaintiff. This behavior, while highly questionable, was nothing compared to the three posts of March 12, 2007 which are quoted above.

In the above postings, Defendant Geiger had become increasingly frustrated with a poster to ASF known as "Speeding." "Speeding" is a leader of the "Oklahoma Seduction Lair," a group of men part of the larger "seduction community" which has been the center of this turf war. Speeding began questioning several of the claims which were also questioned in this lawsuit, including why Defendant LTSC promoted its commercial website as if it were a newsgroup, and why other commercial alternatives were not given equal time. This caused great frustration among the Seduction Mafia and Cartel, and the usual suspects chimed in to accuse "Speeding" of either being Plaintiff in disguise, or of simply being "as stupid as" Plaintiff.

Defendant Geiger, sensing his masters' displeasure with "Speeding," began responding to his postings in an increasingly hostile fashion, until eventually he threatened Speeding and offered to meet him face-to-face. Speeding called Geiger's bluff, and Geiger never followed through. What Geiger did do, however, in the past week or two, was to 1) accuse Speeding of being Plaintiff; 2) accuse Speeding of releasing "private information" about Mr. Geiger; 3) claim that he fears for his family's safety due to Plaintiff's conduct (which was Speeding's conduct); 4) mention that he recently purchased a gun; and 5) inform Plaintiff that he will kill anyone who he believes is a threat to his family's safety. He then 6)

5

stated that Plaintiff had "limited time...left in this world" and 7) claimed that by saying he felt a threat to his family, that the jury would somehow acquit him.

Appellant is now seeking relief from a court which has ignored death threats and defamation against Plaintiff, while in a previous case that it did not see its way clear to make precedential, despite it going against precedent, it decided that the mere presence of bipolar disorder brings one's employability into question (as it said Plaintiff's did), while also refusing to consider actual employment as an absolute defense against any charge of potential unemployability. This brief and all other briefs until further notice are being filed under protest against a judicial bias that is having increasingly disturbing, unjust, and dangerous consequences.

## ARGUMENT

A.    Federal Rule 8(a) is unconstitutionally vague and overbroad.

Appellant argued that the "short and plain" requirement for federal pleadings is unconstitutionally vague and overbroad (BFA, p. 19). The Panel completely ignored this constitutional question, despite the fact that if Appellant's argument holds sway, that would mandate leave to amend the complaint with a page-limit guideline.

B.    Jurisdictional Discovery Was Proper. Appellant restates his arguments from his BFA as if fully set forth verbatim herein.

C.    Detective Blackmore Could Conspire With Penn And Wintermute. See BFA, p. 15. While he may have been receiving his paychecks from Penn,

6

Detective Blackmore was still a public servant and therefore capable of conspiracy with Penn.

D.  Judicial Immunity Should Not Apply To Defendant Wolf. As argued (BFA, p. 14), Defendant Wolf was acting as a Seduction Mafia operative, using money generated by the other defendants' activities that was funneled through LTSC to pay for his representation. His motion to dismiss for all defendants was intentional and designed to empower the operatives to act out against Plaintiff, while providing the pecuniary benefit of free legal services in return for their work. The "crime-fraud" exception should unquestionably apply here.

E.  The Fraud Claim Was Not Time-Barred. See BFA, p. 15. The court ignored the facts, specifically the restated fraud within the statute of limitations.

F.  The RICO And Civil Conspiracy Claims Were Properly Pled. See BFA, p. 16. For further insight into Defendant Geiger's motivations, see Exhibits A1-A3.

G.  The Court Abused Its Discretion In Denying Leave To Amend. See BFA, p. 18. The jurisdictional facts as outlined in the Complaint and subsequent pleadings were more than sufficient to plead for jurisdiction, and to justify jurisdictional discovery. This was not the "fishing expedition" that the lower court characterized it as, especially since internet companies with global audiences and consumer bases are involved.

7

H.   Defendant Geiger committed fraud upon the court.   Appellant had

"painstakingly" noted that Defendant Geiger has been stalking and threatening

Plaintiff online as far back as 1998 (JApp @. A-28, A-32, A-36), and his recent

conduct demonstrates he is not the disinterested domain name owner he has

portrayed himself as.   His conduct is consistent with that of the RayFAQ

publication, and in both cases, target Plaintiff in his home jurisdiction.

## CONCLUSION

For the reasons set forth herein, the instant petition should be granted.

Filed under protest this 16th day of March, 2007.

Gordon Roy Parker
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 386-7366
GordonRoyParker@aol.com
Appellant, Pro Se

8

Path:
border1.nntp.dca.giganews.com!nntp.giganews.com!newshub.sdsu.edu!news.astraweb.com!router1.astra
web.com!sn-xt-sjc-05!sn-xt-sjc-07!sn-post-sjc-01!supernews.com!corp.supernews.com!not-for-mail
From: Thom E. Geiger <ThomEGeiger@Gmail.com>
Newsgroups: alt.seduction.fast
Subject: Re: Not worth the trouble.....
Date: Mon, 12 Mar 2007 17:41:58 -0600
Organization: Posted via Supernews, http://www.supernews.com
Message-ID: <ijobv215r2eeq7h1nb3115s6cdttluomve@4ax.com>
Reply-To: ThomEGeiger@Gmail.com
References: <an.old-F8F760.10450910032007@news.isp.giganews.com>
<MsHIh.17558$S%2.12459@newsfe06.phx> <an.old-
8A7AB5.20151010032007@news.isp.giganews.com>
<ven8v2plkggc45632o6bncr234s7n6ihcc@4ax.com> <an.old-
19D3A2.22113411032007@news.isp.giganews.com>
<d2e9v21is9moaplbejcgs1vh0e3kppi3ek@4ax.com> <45f4c4ae$0$17002$4c368faf@roadrunner.com>
<kjo9v2hkmkm389gp974m6e0ng9hou8mdir@4ax.com> <1173712379_20495@sp6iad.superfeed.net>
<JujJh.42675$115.32915@newsfe10.phx>
X-Newsreader: Forte Agent 3.1/32.783
MIME-Versiou: 1.0
Content-Type: text/plain; charset=us-ascii
Content-Transfer-Encoding: 7bit
X-Complaints-To: abuse@supernews.com
Lines: 37
Xref: number1.nntp.dca.giganews.com alt.seduction.fast:318430

On Mon, 12 Mar 2007 21:20:41 GMT, Speeding <nonya@biz.org> wrote:

>Thom seems to have a
>much greater interest in taking things offline than I do. Maybe even more
>than Ray does.

Bullshit. Parker, [you, under your Raygun Gordon nym], went after my family, my friends, my employer-
not just me. I don't give a rat's ass about your family [other than gettting anybody supporting your legal
shit into a courtroom], your friends or your employer, Parker, where you live, work, smoke dope or eat
lunch, but you [under this Speeding nym] have gone far out of your way to drops hints, more than a few
times, you know things about my personal private life that makes me think my family is not safe. I know
you want me to think this and that's what you've been hinting at.

Big mistake. Don't even consider it. Remember, it's not what a person is charged with, it's what 12 people
think they would have done in that person's situation. *For whatever limited time you have left in this
world, you need to remember, the first time you convince a person you're a threat to their famly, and
they're able to convince 12 people they'd feel the same way, you could be toast and they could walk.*

Thom E. Geiger, Domain Name Owner
ChewOnThis.Org
(the Official GRP NewsLoon tracking website)

Ray-Gordon.com
Ray-Gordon.net
Newsloon.com

Don't buy anything from any business trying to use SLAPP lawsuits to
stop criticism of the company, owners, officers or products.

Guido Gump Parker blames a baseball bat death threat on his own mother, Penny "Skull Crusher" Parker:
>The "baseball bat" remark was made by my mom in response to a gymnastics
>groupie who harassed half of the national team, with help from several chat
>hosts and gymnastics coaches and hackers.

2

**Exhibit A-2**

Path:
border1.nntp.dca.giganews.com!nntp.giganews.com!aotearoa.belnet.be!news.belnet.be!newsgate.cistron.n
l!xs4all!news2.euro.net!138.199.65.86.MISMATCH!sn-xt-ams-06!sn-xt-ams-05!sn-ams!sn-feed-ams-
01!sn-ams!sn-feed-ams-03!su-post-ams-02!sn-post-sjc-01!supernews.com!corp.supernews.com!not-for-
mail
From: Thom E. Geiger <ThomEGeiger@Gmail.com>
Newsgroups: alt.seduction.fast
Subject: Re: 3/2/07 JUDGMENT affirmed. Costs taxed against Gordon Roy Parker, (clc) [06-2246 06-
4166]
Date: Mon, 12 Mar 2007 00:00:16 -0600
Organization: Posted via Supernews, http://www.supernews.com
Message-ID: <kjo9v2hkmkm389gp974m6e0ng9hou8mdir@4ax.com>
Reply-To: ThomEGeiger@Gmail.com
References: <135Ih.16751$Xk.13363@newsfe17.phx> <an.old-
EB2D24.02501809032007@news.isp.giganews.com> <N2mIh.34785$7g3.1275@newsfe14.phx>
<an.old-F8F760.10450910032007@news.isp.giganews.com>
<MsHIh.17558$S%2.12459@newsfe06.phx> <an.old-
8A7AB5.20151010032007@news.isp.giganews.com>
<ven8v2plkggc45632o6bncr234s7n6ihcc@4ax.com> <an.old-
19D3A2.22113411032007@news.isp.giganews.com>
<d2e9v21is9moaplbejegs1vh0e3kppi3ek@4ax.com> <45f4c4ae$0$17002$4c368faf@roadrunner.com>
X-Newsreader: Forte Agent 3.1/32.783
MIME-Version: 1.0
Content-Type: text/plain; charset=us-ascii
Content-Transfer-Encoding: 7bit
X-Complaints-To: abuse@supernews.com
Lines: 38
Xref: number1.nntp.dca.giganews.com alt.seduction.fast:318365

On Sun, 11 Mar 2007 23:10:59 -0400, "HeeroYuy" <h@h.h> wrote:

>I don't know how patient I'd be if that happened to me. I probably wouldn't
>be. Anyway, as to Speeding; I'd like to state, for the record, that I doubt
>Gordon is knowledgeable enough or clever enough to spoof headers.

I don't know if anybody else has picked up on it, but in his messages to the NG, the "Speeding" nym has
been steadily dropping hints that he knows things about me and my personal life that regular people on
usenet wouldn't know. Now I know he's been checking up on me. That causes me concerns about my
family's safety. I had the same concerns when Parker started threatening my family when the lawsuits first
started. *I bought a new gun, taught my family how to use it and alerted the local police about Parker's
history of threatening children.*

Parker, Speeding, Panda Joe, whatever name he's using, I don't like people threatening my family. "If it
were legal" bullshit makes no difference to mc. Illinois, Oklahoma, Alabama, Pennsylvania, Berlin,
Tokyo, wherever, makes no difference. *In SEA, I killed enemy combatants in two countries. I will kill
any asshole stupid enough to threaten my family's safety. That's a promise and a guarantee.*

Thom E. Geiger, Domain Name Owner
ChewOnThis.Org

3

(the Official GRP NewsLoon tracking website)

Ray-Gordon.com
Ray-Gordon.net
Newsloon.com

Don't buy anything from any business trying to use SLAPP lawsuits to
stop criticism of the company, owners, officers or products.

Guido Gump Parker blames a baseball bat death threat on his own mother, Penny "Skull Crusher" Parker:
>The "baseball bat" remark was made by my mom in response to a gymnastics
>groupie who harassed half of the national team, with help from several chat
>hosts and gymnastics coaches and hackers.

4

Path:
border1.nntp.dca.giganews.com!border2.nntp.dca.giganews.com!nntp.giganews.com!news.maxwell.syr.e
du!sn-xt-sjc-05!sn-xt-sjc-01!sn-post-sjc-02!sn-post-sjc-01!supernews.com!corp.supernews.com!not-for-
mail
From: Thom E. Geiger <ThomEGeiger@Gmail.com>
Newsgroups: alt.seduction.fast
Subject: Re: 3/2/07 JUDGMENT affirmed. Costs taxed against Gordon Roy Parker,  (clc) [06-2246 06-
4166]
Date: Mon, 12 Mar 2007 17:56:49 -0600
Organization: Posted via Supernews, http://www.supernews.com
Message-ID: <afpbv2psvqd2lah4c60mkntf4ur668a1o7@4ax.com>
Reply-To: ThomEGeiger@Gmail.com
References: <N2mIh.34785$7g3.1275@newsfe14.phx> <an.old-
F8F760.10450910032007@news.isp.giganews.com> <MsHIh.17558$S%2.12459@newsfe06.phx>
<an.old-8A7AB5.20151010032007@news.isp.giganews.com>
<ven8v2plkggc45632o6bncr234s7n6ihcc@4ax.com> <an.old-
19D3A2.22113411032007@news.isp.giganews.com>
<d2e9v21is9moaplbejegs1vh0e3kppi3ek@4ax.com> <45f4c4ae$0$17002$4c368faf@roadrunner.com>
<kjo9v2hkmkm389gp974m6e0ng9hou8mdir@4ax.com> <a%fJh.26272$907.9829@newsfe13.phx>
X-Newsreader: Forte Agent 3.1/32.783
MIME-Version: 1.0
Content-Type: text/plain; charset=us-ascii
Content-Transfer-Encoding: 7bit
X-Complaints-To: abuse@supernews.com
Lines: 64
Xref: number1.nntp.dca.giganews.com alt.seduction.fast:318431


On Mon, 12 Mar 2007 17:22:14 GMT, Speeding <nonya@biz.org> wrote:

The sites mentioned have no information you've hinted at. Try again.

>I couldn't give two shakes of shit less about your family. Jesus, man...
>take a pill. Leave your macho bullshit at the door, because it doesn't
>impress me.

*If I wanted to impress you, you'd be dead right now.*

> Ditto for your thinly veiled threats.

*What's veiled? I say it straight up. Anybody who's a threat to my
family's safety will die. Plain and simple.*

If you're not a threat to my family, then why should you think it
applies to you? Is that a Freudian slip, Parker?

>You're not man enough to
>file a lawsuit against Parker.

So you're publicly saying anybody in this newsgroup, or anywhere,

1

who's been sued by the pedo and hasn't sued him in return, is "not man enough". Good way to make friends and influence people, einstein.

>You're not man enough to even pick up beer
>cans.

What the hell does that mean? Stop babbling.

>So, I don't think you're man enough to make a decent threat against
>me, either.

Again, you're taking my statement, that I will kill anybody who threatens my family, as a threat against you. That looks and sounds like an admission to me.

>And I don't bother with making threats. That's juvenile.

I never said it was a threat, I said it was a guarantee. Manufacturers don't make threats, they give guarantees. I gave a guarantee.

> Though
>perhaps I shouldn't say that, given your predilection to topics of
>pedophilia.

You have me confused with that reflection in your mirror, Parker. Do you need the five hundred or so messages you posted about nubile preteen gymnasts quoted here to remind you?

Thom E. Geiger, Domain Name Owner
ChewOnThis.Org
(the Official GRP NewsLoon tracking website)
Ray-Gordon.com
Ray-Gordon.net
Newsloon.com

Don't buy anything from any business trying to use SLAPP lawsuits to stop criticism of the company, owners, officers or products.

Guido Gump Parker blames a baseball bat death threat on his own mother, Penny "Skull Crusher" Parker:
>The "baseball bat" remark was made by my mom in response to a gymnastics
>groupie who harassed half of the national team, with help from several chat
>hosts and gymnastics coaches and hackers.

2

## IN THE U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT
## FROM THE U. S. COURT FOR THE EASTERN DIST. OF PA

| | | |
|---|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**, | : : : | **PRO SE APPELLANT** **IN FORMA PAUPERIS** **FILED UNDER PROTEST** |
| Plaintiff/Appellant, v. | : : : | **CONSOLIDATED APPEALS:** **#06-2246 and 06-4166** |
| **Learn The Skills Corp.**, et al. Appellees | : : : : | **District Court: #05-cv-2752** **Hon. Harvey Bartle (E.D.Pa.)** |

### CERTIFICATE OF SERVICE

I, Gordon Roy Parker, Appellant in the above-styled action, hereby certified that I

have served **two** true and correct copies of the foregoing **Petition For Rehearing** (and one Joint

Appendix) on each Appellees/Defendant, by **regular mail**, as follows:

Trustees of the Univ. of PA
Dennis G. Young (Counsel)
Montgomery, McCracken,
Walker & Rhoads
123 South Broad St., 28th Fl.
Philadelphia PA 19109

Mary Kay Brown
Buchanan Ingersoll, PC
1835 Market Street, 14th Floor
Philadelphia, PA 19103
Attorney For Paul Ross

Matthew S. Wolf, Esq.
241 Kings Highway East
Haddonfield, NJ 08033
Attorney For LTSC &
Defendant

Formhandle@fastseduction.com
Learn The Skills Corp.
955 Massachusetts Ave, #350
Cambridge, MA 02139

David L. Finger
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, #725
Wilmington, DE 19801-1155
Attorney For LTSC and Ross

Thom E. Geiger (Pro Se)
817 North McCrary Road
Columbus, MS 39702-4320

This the 16th day of March, 2007.

*Gon Ro lun*

Gordon Roy Parker
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 386-7366
GordonRoyParker@aol.com
Appellant, Pro Se

**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT

NOS. 06-2246 & 06-4166 (Consolidated)

GORDON ROY PARKER, doing business as SNODGRASS
PUBLISHING GROUP also known as RAY GORDON

v.

LEARN THE SKILLS CORP.; FORMHANDLE@FASTSEDUCTION.COM;
THOM E. GEIGER; PAUL ROSS also known as ROSS JEFFRIES
also known as EROSLA77@AOL.COM; TRUSTEES OF
UNIVERSITY OF PENNSYLVANIA; MATTHEW S. WOLF, ESQ.

Gordon Roy Parker,
Appellant

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-02752)
Chief District Judge: Honorable Harvey Bartle III

Submitted Under Third Circuit LAR 34.1(a)
February 26, 2007

BEFORE: McKEE, AMBRO and STAPLETON, CIRCUIT JUDGES

(Filed March 2, 2007)

OPINION

PER CURIAM

   Gordon Roy Parker, acting pro se, appeals an order of the United States

District Court for the Eastern District of Pennsylvania dismissing his complaint for failing

to state a claim upon which relief can be granted against two defendants and for lack of

personal jurisdiction over the remaining defendants. In a separately filed appeal, he seeks

review of the District Court's denial of his motion for reconsideration and motion to

vacate judgment. These appeals have been consolidated for all purposes.

   Parker's complaint alleges that defendants belong to a criminal enterprise

designed to control the market for online advice about how to seduce women. As

described more fully in the District Court's opinion and in painstaking detail in Parker's

amended complaint, defendants allegedly diverted traffic from a public online

"USENET" group to a private online discussion forum that they controlled, harassed

plaintiff and attempted to undermine his reputation, and hindered his attempts to defend

himself against these attacks. Parker alleges that these actions violated, inter alia, the

Racketeer Influenced and Corrupt Organizations Act ("RICO"), federal antitrust statutes,

and state common law prohibitions on civil conspiracy, abuse of process, and fraudulent

misrepresentation.

   We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We undertake

plenary review of the District Court's dismissal under Rule 12(b)(6), accepting as true all

factual allegations in the complaint and viewing them in the light most favorable to the

non-moving party. See AT&T Corp. v. JMC Telecom, LLC, 470 F.3d 525, 529 (3d Cir.

2

2006). Our review of the District Court's rulings on personal jurisdiction is likewise plenary, except to the extent that they involved factual findings, which are reviewed for clear error. See Pennzoil Prods. Co. v. Colelli & Assocs., Inc. 149 F.3d 197, 200 (3d Cir. 1998). We review the District Court's denial of reconsideration for abuse of discretion. See Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004).

The amended complaint fails to state a claim upon which relief may be granted against defendant Matthew Wolf. The RICO, civil conspiracy, and abuse of process claims against him all rely on allegations that Wolf improperly moved to dismiss an earlier complaint filed in the Eastern District of Pennsylvania against many of the defendants involved in this case. Civ. No. 03-cv-06936. We agree with the District Court's conclusion that the challenged behavior was properly within the scope of Wolf's representation of his clients, and that it fails to support either the federal statutory or state law tort claims against him. See Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297 (3d Cir. 2003).

The District Court also properly dismissed the claims that the Trustees of the University of Pennsylvania violated RICO and engaged in a civil conspiracy and fraudulent misrepresentation. These claims arise from the University's alleged refusal to disclose the identity of a student who Parker claims was involved in the plots against plaintiff. We essentially agree with the reasoning of the District Court. The conspiracy claim fails because the only alleged participants are the University and one of its employees, and absent narrow exceptions not present here, agents of an entity cannot

3

conspire with their employer. See Gen. Refractories Co., 337 F.3d at 313-14. Even if the fraudulent misrepresentation claim survived scrutiny under Fed. R. Civ. P. 9(b), the complaint fails to allege all the elements of the claim, notably justifiable reliance. See, Porreco v. Porreco, 811 A.2d 566, 570-71 (Pa. 2002). As the District Court described, Parker's RICO claim against the University is also fatally flawed.

The District Court lacked personal jurisdiction over the remaining defendants. None of these defendants resides in Pennsylvania or has a "continuous and substantial" connection to the state, and none has sufficient minimum contacts with Pennsylvania to "reasonably anticipate[] being haled into court there." Pennzoil, 149 F.3d at 200-201 (citations omitted). As explained by the District Court, the generalized allegations of defendants' contact with Pennsylvania contained in Parker's amended complaint and pleadings are insufficient to meet his burden of proof on the jurisdictional issue. See Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66-67 (3d Cir. 1984). Nor are they sufficient to make out a prima facie case that could justify jurisdictional discovery. See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997).

Finally, we find no abuse of discretion in the District Court's denial of Parker's motions for reconsideration and to vacate, which identified neither errors in the District Court's order nor any other basis to justify revisiting that order.

Accordingly, we will affirm the order of the District Court.

4